## PINKARD *vs.* THE STATE OF GEORGIA.

1. A defendant who is complicated with others in the commission of a crime, may prove by the arresting officer, that he put him upon the pursuit by way of raising a presumption of his own innocence.
2. A witness cannot be compelled to accuse himself; but where this is necessary to the full understanding of other statements which he has made, the whole ought to be withdrawn.
3. One who has previously agreed to participate in a crime, may repent.
4. One need not be present at the commission of an offense to constitute him a principal.

Indictment for Simple Larceny, in Muscogee Superior Court. Tried before Judge WORRILL, at November Term, 1859.

The plaintiff in error was indicted and found guilty of simple larceny. He moved for a new trial on the following grounds:

1st. Because the Court erred in refusing to allow counsel for defendant to ask one Heggy, a witness who had been sworn for the State, and who testified that he went upon information that negroes were in that part of town being stolen, who gave him the information, and at whose instance he went.

2d. Because the Court erred in refusing to allow counsel for defendant to ask one Ephraim Knowles, a witness who had been sworn for the State, and who testified to the conversation between Perry, Axon, Pinkard and Holcomb, about carrying off some negroes, what he, said Knowles, said himself at the time, and all he had to do with that transaction—the said Knowles refusing and the Court stating to him that, if the answer would criminate him, he need not answer.

3d. Because the Court erred in refusing to charge the jury as requested by the counsel for defendant, in writing, that, if the jury believe, from the evidence, that Perry and Axon had the negro woman in their possession which had been stolen from Brinsfield by them, and the defendant did agree to carry off the negro, he is not guilty of the offense charged in the indictment, but is guilty as accessory at the fact.

4th. Because the Court erred in refusing to charge the jury as requested by the counsel for defendant, in writing, that, if they, the jury, believe from the evidence that Pinkard, the defendant, did agree with Perry and Axon to steal the negro woman belonging to Brinsfield, yet, if they believe that Pinkard abandoned the purpose, and went off and did not participate in the crime, then the jury must find the defendant not guilty.

5th. Because the verdict of the jury was contrary to law, contrary to the evidence, contrary to the charge of the Court, contrary to, and strongly and decidedly against, the weight of the evidence, and without evidence to support it.

This motion was refused by the Court, and defendant's counsel excepted.


BLANDFORD & CRAWFORD, and B. F. REESE, for plaintiff in error.


WM. D. ELAM, *contra.*

Pinkard *vs.* The State of Georgia.

*By the Court.*—LUMPKIN, J., delivering the opinion.

We express no opinion as to the refusal of the Court to allow defendant's counsel to ask the witness Heggy, who gave him the information that there were stolen negroes in a certain place in town. If the defendant wished to show that he himself put the officer on the pursuit of this property, and thus establish his innocence, or want of participation in the larceny, it was competent, unquestionably, to interrogate him to that point.

2. The Court was right in protecting Knowles from being compelled, contrary to the common law as well as the constitution of the country, from accusing himself. But then the Court should have ruled out the whole of the conversation in which the witness participated.

3. It is certainly true, that if the defendant had no participation in the theft until after the negroes were stolen, he was an accessory after the fact only. If, however, the felony was concocted between the parties previously, he would, in that case, be a principal. One need not be present when a crime is committed to constitute him a principal.

4. We think the fourth charge should have been given. The law as well as the gospel allows a place of repentance. And, notwithstanding the accused may at one time have agreed to engage in this crime, yet, if he afterwards changed his mind and abandoned that intention, he is not guilty. And there was proof in that case to warrant a charge to that effect.