Hunt *vs.* The State of Georgia.

HENRY HUNT, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. Under the provisions of the Constitution, it was error in the Superior Court to limit the defendant's counsel to a definite time in his argument before the jury, over his protest that he could not do justice to his client's case within the prescribed time.

2. If the evidence contained in the record had been so decidedly strong as to have required the verdict rendered by the jury, it might not have been interfered with for the error complained of, but the evidence is conflicting as to whether the stabbing was done in self-defense ; and inasmuch as the defendant was prevented by the Court from having the privilege and benefit of counsel in his defense, as contemplated by the Constitution, the judgment of the Court below is reversed.

Constitutional law. Criminal law. Attorney. Practice. New trial. Before Judge KNIGHT. Cobb Superior Court. October Adjourned Term, 1872.

For the facts of this case, see the decision.

JOHN O. GARTRELL, by LESTER & THOMSON, for plaintiff in error.

C. J. WELLBORN, Solicitor General, by Z. D. HARRISON, for the State.

WARNER, Chief Justice.

The defendant was indicted for the offense of an assault, with intent to murder. On the trial, the jury found him guilty of the lesser offense of stabbing. A motion was made for a new trial, on the several grounds set forth in the record, which was overruled, and the defendant excepted. The principal ground of error insisted on before this Court was, that the Court below limited the defendant's counsel to thirty minutes in his argument before the jury, over his protest that he could not do justice to his client's case within the limited time prescribed by the Court. It appears from the certificate of the presiding Judge that he allowed the defendant's counsel forty minutes to address the jury—that is to say, he allowed him to go ten minutes over the time prescribed at the commencement of the argument.

1. In view of the provisions of the Constitution, which declares that every person charged with an offense against the laws shall have the privilege and benefit of counsel, the Court below committed a grave error in limiting the argument of counsel, as disclosed by the record, which this Court cannot sanction.

2. If the evidence contained in the record had been so decidedly strong as to have *required* the verdict rendered by the jury, we might not have interfered with it for the error complained of, but the evidence is conflicting as to whether the stabbing was done in self-defense; and inasmuch as the defendant was prevented by the Court from having the privilege and benefit of counsel in his defense, as contemplated by the Constitution, we reverse the judgment of the Court below and order a new trial.

Let the judgment of the Court below be reversed.