WILLIAMS *vs.* THE STATE OF GEORGIA.

60 367
d95 470
60 367
f112 403
60 367
125 745

1. In the trial of a felony, there is no authority of law for examining, on the *voire dire*, two or more jurors together, or for putting upon the prisoner, after the examination, more than one juror at a time. Each juror called should be disposed of, and either accepted or rejected, before another is presented to the accused.
2. In the trial of a felony, whether the prisoner is heard through one counsel or two, the length of the argument is not a matter for pre-

determination by the court.   As argument progresses, the court may confine the range of it to the facts and law of the case, and may interdict idle repetition; but so long as counsel speaks to the point, proceeds in good faith, and wastes no time, the court should forbear to interfere, but leave the limits of the speech to the discretion of the speaker, until it is manifest that the discussion is complete, or the subject exhausted.

3. The discretion of the court in permitting the state to introduce evidence at any stage of the trial, will not be controlled, unless it appears that the prisoner, in consequence of the discharge of his witnesses, or from some other cause, has been injured.

4. In view of the evidence, and in the light of the whole charge of the court as set out in the record, there was no substantial error in the positions of the charge in reference to admissions, or in reference to asportation, or in reference to principals in the first degree.   And the request of counsel to charge on the subject of aiding and abetting was not appropriate to the facts in evidence.

Criminal law.   Larceny.   Jurors.   Attorney and client. Practice in the Superior Court.   Evidence.   Before Judge GRICE.   Bibb Superior Court.   October Term, 1877.

An indictment was found against Lundy and Williams, charging them with simple larceny in taking and carrying away one red and white yearling heifer cow, marked with smooth cross in · both ears, of the value of $15.00, the property of Edmund Gordon.   Williams was placed on trial; and pleaded not guilty.

There was evidence to show that the cow was killed by one of the defendants, probably Lundy, and dragged some fifteen or twenty steps into the bushes, where it was found partially skinned; that the defendants were together in the enterprise of killing and stealing the cow; that they had progressed so far as to partially skin it, when some dogs came up, and they heard some one hallooing, which caused them to abandon their purpose.

The object of the enterprise, killing, etc., were shown by the admissions of Lundy, in the presence of defendant; the dragging of the corpse into the bushes, by the blood, appearance of the grass, weeds, etc.

The jury found the defendant guilty. A motion for new trial was made on the following grounds:

1st. Because, when the jury was being impaneled, the court caused six jurors to be sworn on their *voire dire* together, questions were propounded to them simultaneously, and of the six, those who rendered themselves competent and were put on the defendant by the state, were presented together. Thus the examination of the jurors, and the putting of those who were competent on the prisoner, was continued until a panel of twelve was obtained from the array, the questions on the *voire dire* not being propounded to each juror separately, and those competent not being put upon the defendant separately, but in bodies of six or less until a jury was obtained.

2d. Because, when the evidence was closed, the court inquired how many speeches would be made by counsel for defendant. It was replied that Mr. Erwin would open, and Mr. Dessau close. Whereupon the court said: "If you make two speeches, you can only have one hour for both; but if one counsel only speaks, I will not limit him." Under this pressure, but one argument was made.

As to this ground, the presiding judge certifies as follows: "The court asked prisoner's counsel, before the argument began, how much time they would probably require for the argument; and counsel declined to name and fix the time, stating that he would only consume such time as was, in his opinion, necessary."

3d. Because, whilst counsel was making the concluding argument to the jury, and was insisting that no evidence had been introduced to prove the description of the cow as charged in the indictment, the court interrupted him, and allowed the solicitor general, on motion of the latter, to introduce a witness to supply the evidence that was wanting, and this though the solicitor did not state that it was by accident or mistake that he failed to make the proof in the first instance.

4th. Because the court erred in charging as follows:

"It is immaterial the distance the goods were carried. In this case, the allegation is that a cow was taken and carried away; if there was any moving of the cow by the defendant, it is proven so far as that element of the case is concerned; if it was moved even the shortest distance, if you are satisfied that it was done, that this defendant shot the cow, and took possession of the body afterwards, and moved it however small a distance, then there was a sufficient carrying away to make it larceny in the meaning of the law."

5th. Because the court erred in c harging as follows : "If the other defendant made admissions as to killing this cow in presence of this defendant, you may consider that, whether he denied or remained silent, or admitted it or assented to it; you may consider, if he did not deny or contradict it, what were his motives in so doing,. whether it was true, or if he had opportunity or not to deny it, or whether the circumstances were such as to call for a denial from him if he was innocent. You can consider his conduct under the circumstances, and determine whether he admitted or denied the statements of the other defendant about the shooting or killing of the cow, and you may consider whether or not his associate defendant admitted the guilt of them both, as throwing light on the whole case."

6th. Because the court erred in charging as follows: "When admissions or sayings are given in 'evidence, you must hear all of them ; all must go before you and be considered by you. You cannot hear one part and close your ears against the other, but you must hear all and believe that which is true, and reject that which is false. You cannot believe an impossibility as if one said, 'I killed the cow first, and afterwards the other killed her!' If you believe his story was true, accept it; if part was true and part was false, then receive what was true and reject what was false."

7th. Because the court erred in. charging as follows: "If the cow was alive and one or both of them killed it for the

purpose of stealing, and afterwards removed the body, that makes the crime complete, whether they removed the cow while alive or after she was killed."

8th. Because the court erred in charging as follows: "The offense does not consist in shooting the cow. The defendants are charged with stealing the cow, and if they both joined in that enterprise, it makes no difference who shot the cow. The question is who stole the cow. If one shot and the other assisted in carrying it away, both are guilty; or if both shot, the shooting does not determine who stole the cow. One may have shot while the other stood by and assisted in carrying it off; if so he is as guilty as if he had done the shooting."

9th. Because the court erred in charging as follows: "If one or both of these defendants shot and killed the cow, and if after that, while in the act of skinning it (if they did skin it), they moved it from its natural position, any distance at all, that is sufficient evidence of carrying it away in the meaning of the law, and you may find the defendant guilty if you believe he aided in doing it."

The motion was overruled and the defendant excepted.

H. C. ERWIN; DESSAU & STROHECKER, for plaintiff in error.

C. L. BARTLETT, solicitor general, by W. A. LOFTON, for the state.

BLECKLEY, Judge.

1. The Code declares, section 4681, that "on calling each juror, he shall be presented to the accused in such manner that he can distinctly see him, and it shall then be lawful for the state, or the accused, to make either of the following objections" (specifying them). Section 4684 prescribes, that "if found competent and not challenged peremptorily by the state, he shall be put upon the prisoner, and unless challenged peremptorily by him, shall be sworn to try the

cause." This shows that jurors are to be driven upon the prisoner in single file, and not in platoons. He is not to be confused by looking upon a multitude of faces at once, but is allowed to scan each countenance separately. He is not to be thrown into alarm by too strong an exhibition of force. He takes his jurors one by one, and wrestles with them single handed. This is the scheme of the Code, and it is the scheme of the common law as well. Chitty says, " the usual course is for the clerk of the arraigns or the clerk of the peace (after he has addressed the prisoner as to his right of challenge, and that he is to object to the jury as they come to the book and before they are sworn,) to call the name of the first juror, and then, if he be not objected to, the prisoner so signifies ; and then that juror is sworn, and then the next is called and he is accepted or challenged." 1 Chit., Cr. Law, 547. See, also, Archbold Cr. Pl. & Prac. 162. There is no reading in the books of a regular march of the jurors upon the prisoner, and of his having to welcome or repel more than one at a time.

2. The length of argument, in the trial of a felony, is not a matter for pre-determination by the court. How can the court know, in hours and minutes, how long the argument ought to be ? There is no rule of practice that settles it, and the judge cannot settle it by what he may suppose sufficient. As argument progresses, he may confine its range to the facts and law of the case, and may interdict idle repetition ; but while counsel speak to the point, and proceed in good faith, wasting no time, how can the court forbear to be patient, and hear what is said ? When it is manifest that the discussion is complete, and the subject exhausted, a stop may be ordered.

3. The discretion of the court in permitting either party to introduce evidence at any stage of the trial, will not be controlled unless it appears that the opposite party, in consequence of the discharge of witnesses, or from some other cause, has been injured.

4. The charge of the court was free from substantial er-

ror, in reference to admissions, asportation, or to principals in the first degree. And the request to charge in reference to aiding and abetting, was not appropriate to the facts in evidence.

Cited for plaintiff in error: Code, §§4681, 4682, 4684; 49 *Ga.*, 255; 47 *Ib.*, 598; Code, §§3790, 3791, 3248; Wharton, 1810; 36 *Ga.*, 222.

Cited for defendant in error: Code, §4392; 1 East P. C., 555; 1 Hales P. C., 507, 527; 1 Brit., Cr. Cases, (1 Rus. & Ry.,) 387, 292; 2 Brit. Cr. Cases (1 Moody,) 714; 2d. Car. & Payne, 423; 8 Porter, 511; 49 *Ga.*, 225; Code 3790; 10 *Ga.*, 512: 27 *Ib.*, 649; Code, §3791; 19 *Ga.*, 7; 22 *Ib.*, 40; 1 Greenleaf's Ev., 218; 30 *Ga.*, 757; 32 *Ib.*, 661; 10 *Ib.*, 517; 28 *Ib.*, 604.

Judgment reversed.