CEDARTOWN *v.* FREEMAN.

1. A motion to dismiss an action for insufficiency of the declaration is in the nature of a general demurrer, and its denial is matter for direct exception and not ground for a new trial.
2. There being no complaint of the charge of the court, the presumption is that all the law applicable to the case was correctly

charged. And there being some evidence to support the verdict, and the presiding judge having approved the finding by refusing to grant a new trial, this court, although not fully satisfied with the verdict, will decline to interfere.

3. It is manifest from the record that the newly discovered evidence might have been discovered before the trial by the use of due diligence.                              *Judgment affirmed.*

June 17, 1892. By two Justices.

Practice. Evidence. New trial. Streets. Before Judge JANES. Polk superior court. August adjourned term, 1891.

Freeman sued the town, its mayor, council and recorder, for damages because of injuries to his wife, alleged to have been sustained by the giving way of a bridge over which he was driving, which bridge was alleged to have been upon a street of said town. He obtained a verdict for $1,000. A motion for a new trial was made, and was overruled upon condition that plaintiff would write off from the verdict and judgment $200, which was done. Defendant excepted.

Upon the trial there was evidence that the street or alley in question was used to a considerable extent as a street, or road, or alley; that one witness had called on the mayor, marshal or street commissioner to work it so that people could travel it; that they refused to do so or did not do so; that the street or alley had been open for a number of years, but the witness did not know whether it was opened by the city, or whether it was a private way opened by the citizens living along there; that he did not know of the town ever having worked or assumed any control over the street, and did not know who built the bridge, which from its appearance had been built five years. The trial occurred in September, 1891, and the injury occurred in December, 1889. There was also evidence by another witness that he did not know who opened the street or alley and did not know of the city ever taking charge of it or working

it. Powell, who was marshal of the city in 1887, testified that the citizens living along this street or alley got after him to work out this alley; that he was working over in that part of the town and took the hands of the city and did some work on this alley, filling up holes and gullies so that they could travel it; and that his recollection was that he had authority from the council to do the work. Also, by witnesses for the defendant, that application had been made to the mayor during 1889 and 1890, by people living on the street in question, to have it worked out, but that he refused to do so because it was not a street that had been opened by the city, nor recognized by the city at all, but only a private way used by the few people living along there, and was recognized as nothing else by the city; that it was a very narrow alley, and the people refused to set their fences back and give land enough for a street, and the council refused to have anything to do with it; that he did not know by whom the street or alley was opened. There was similar testimony from the person who was street commissioner during 1889 and 1890, by Richardson who was mayor during 1884 and 1885, by the recorder for 1889 and 1890, and by other officials of Cedartown. Richardson further testified that R. R. Thompson applied to him to have this alley worked and extended on through his, Thompson's property, who claimed that this alley was his private property, and witness refused to have the alley worked, for the reason that it was not a street owned by the city or one that had been opened or accepted by the city, etc. The person who was street commissioner during 1889 and 1890, testified that he did not remember having given Powell authority to build the bridge, but would not say that he did not; and that when Freeman claimed damages of the city he, the witness, went and put in plank, and that he thought it cheaper to do that than defend another damage suit.

The grounds for a new trial were:

1. Verdict contrary to law, evidence, etc.

2. Error in not sustaining defendant's motion to dismiss the suit, on the ground that no cause of action was set out therein, there being no allegation setting out how and in what way plaintiff was damaged, and because the declaration failed to allege that defendant had notice of the defect in the bridge, or that it had existed a sufficient length of time to be constructive notice. The exceptions stated in the bill of exceptions are simply to the overruling of the motion for a new trial.

3. Newly discovered evidence of R. R. Thompson. In support of this ground Thompson made affidavit that he owned, some years ago, the land on one side of the alley in question, and owned the ground occupied by said alley, and that he has never parted with his title to the ground occupied by said alley and never gave it to the town, nor was it ever condemned for a street or alley by the town so far as he knew; that he made an effort to get Richardson, when mayor, to take it in as a street, and Richardson conditionally promised to work deponent a street out on it, but never did it; and that deponent considers the street his. The counsel for defendant made affidavit that he never knew of the evidence of Thompson as set out in Thompson's affidavit, until the trial of the case had about ceased, and Thompson was then out of the city and could not be reached as a witness; and that deponent had used all due diligence in looking up the evidence in the case before the trial and failed to discover it. The mayor, recorder, councilmen and marshal made affidavit that they did not know of the evidence of Thompson until after the trial, and that they used all diligence in getting up the evidence in the case.

I. F. THOMPSON and IRWIN & BUNN, for plaintiff in error.

BLANCE & NOYES and TURNER & GROSS, *contra.*