Gress Lumber Co. *v.* Georgia Pine Shingle Co. *et al.*

Little, J. 1. A deed is presumably executed at the place named in its caption; but that it was not there executed is shown when the attestation clause recites another place at which it was signed, sealed, and delivered.

2. So far as regards validity of execution, it is immaterial upon what part of a deed the attestation clause is written and signed by a witness, if, from inspection of the instrument, it appears beyond question that it was the purpose of the witness to attest the signature of the maker. It follows that the deeds in question must be held to have been duly executed and attested, and it was error to reject them, when offered in evidence, because of the want of legal execution.

*Judgment reversed. All the Justices concurring.*

Argued November 18, 1898. — Decided March 4, 1899.

Petition for injunction. Before Judge Smith. Wilcox superior court. August 2, 1898.

*W. A. Hawkins, C. J. Haden* and *E. D. Graham,* for plaintiff. *S. T. Kingsbery, Cutts & Lawson* and *J. H. Martin,* for defendants.