## CLEVELAND *v.* THE STATE.

A motion to quash an accusation in a criminal case, on account of defect in the affidavit made as the basis of such accusation, is in the nature of a demurrer, and error alleged to have been committed in overruling such motion can not be considered upon a motion for a new trial.

Argued November 6, — Decided November 28, 1899.

Accusation of larceny from the house. Before Judge Calhoun. Criminal court of Atlanta. September term, 1899.

*R. R. Shropshire*, for plaintiff in error.
*J. F. O'Neill, solicitor*, contra.

Lewis, J. On the 5th day of July, 1899, plaintiff in error was placed upon trial in the criminal court of Atlanta, under an accusation charging him with the offense of larceny from the house. After issue was joined, and a jury sworn in the case, the accused moved the court to quash the accusation and direct a verdict of not guilty, on the ground that "the affidavit upon which said accusation was based was not sworn to before an officer authorized by law to issue an accusation or warrant." It appears the affidavit was sworn to before a commercial notary public. This motion to quash was overruled by the court. A verdict of guilty was rendered, and in the bill of exceptions error is assigned on the judgment of the court overruling the defendant's motion for a new trial, one ground of which assigns error in the judgment of the court refusing to quash the accusation. There were no other grounds in the motion save the general ones, that the verdict was contrary to law and evidence, which were not insisted on by counsel for plaintiff in error before this court. While the bill of exceptions recites the ruling of the court refusing to quash the accusation, no error is directly assigned in the bill on such ruling, nor does it appear that any exceptions pendente lite were

filed thereto.    The bill of exceptions was presented to the judge over two months after his ruling on the motion to quash the accusation, and hence too late for direct exceptions to that ruling, even if such exceptions had been made.

The motion to quash the accusation in this case was in the nature of a demurrer.    *Cedartown* v. *Freeman*, 89 *Ga.* 451. Overruling a demurrer to a petition is not good ground in a motion for a new trial.    *Shuman* v. *Smith*, 100 *Ga.* 415.    The same doctrine has been applied by this court to procedure in criminal trials: *Taylor* v. *State*, 105 *Ga.* 847; *Gaines* v. *State*, 108 *Ga.* 772.    Even, therefore, if the ground of the motion to quash this accusation was well taken, it can not be considered by this court, for the reason that no exception thereto has been properly made.

*Judgment affirmed.    All the Justices concurring.*