29395. COX *v.* THE STATE.

Decided July 15, 1942.

*Frank S. Twitty,* for plaintiff in error.

*Bob Humphreys,* solicitor, *John T. Coyle,* contra.

MacIntyre, J. (After stating the foregoing facts.) The defendant complains of a ruling of the court on what he denominates a "motion to quash the accusation." The State contends that the motion was wrongly named, and that it was, in effect, "the defendant's challenge to the array of the jurors." There were no exceptions pendente lite filed and the main or final bill of exceptions was not filed within twenty days from the ruling complained of, the time required in this criminal case. Code, § 6-903. In either event the exception comes too late. *Cleveland* v. *State,* 109 *Ga.* 265 (34 S. E. 572); *Herndon* v. *State,* supra; *Bryant* v. *State,* 65 *Ga. App.* 523 (16 S. E. 2d, 241).

In ground 8 the sentence of the court is complained of as error because the same is violative of the constitution of the State of Georgia. This exception is not properly before this court, because "Objection that a sentence imposed in a criminal case is for any reason illegal or irregular can not be made the ground of a motion for a new trial." *Montgomery* v. *State,* 40 *Ga. App.* 507 (2) (150 S. E. 451); *Gore* v. *State,* 162 *Ga.* 267 (11) (134 S. E. 36).

■ The prosecutor, Taylor, having contended that the defendant cheated and defrauded him out of certain goods by falsely representing that he was the owner of a certain farm, the testimony of a witness, Bolton, that at about the same time he likewise represented to him that he owned this farm was admissible under the rule that "whenever the intent or guilty knowledge of a party is a material ingredient in the issue of a case, these collateral facts, that is, other acts and declarations of a similar character tending to establish such intent or knowledge, are proper evidence. In many cases of fraud it would be otherwise impossible satisfactorily to establish the true nature and character of the act." *Farmer* v. *State,* supra. We therefore do not think the objections to the testimony for the reasons assigned in ground 1 are meritorious.

■ Ground 2: We do not think that on a retrial of the case the occurrences therein excepted to will recur.

■ We will consider grounds 3 and 9 together: The judge charged the jury in part: ["In forming a verdict in this case, gentlemen of the jury, you are referred, of course, to the evidence and defendant's statement. There has been some contention that some statements of the witnesses have been rebutted as incorrect, one side contending that witness said so and so, and another side states that statement untrue, and they have submitted testimony one way or another, which was intended to impeach or refute that testimony, and on that point I instruct you that you are the judges to determine the credibility of all witnesses in all the testimony, and in that connection I will read a Code section which says, 'A witness may be impeached by disproving the facts testified to by him,' and another says, 'The credibility of a witness is a matter to be determined by the jury under proper instructions from the court.' "] (Brackets ours.) ("Now as to that question of credibility of witnesses and contradictory statements, you, as jurors, are to use your own judgment in undertaking to reconcile them and arrive at the truth of the case, and the truth as to the issues involved in this case.") (Parenthesis ours.)

The defendant contends in ground 9 that the part of the charge enclosed above in brackets was erroneous in that "the court having undertaken to charge the jury upon the general subject of the impeachment of witnesses, and the credit to be given to witnesses whose impeachment was attempted, it was likewise the duty to in-

struct the jury as to what right, if any, should be given to any witness whom they might find to have been successfully impeached." There was no attempt to impeach a witness by proof of general bad character or by contradictory statements made by the same witness before the trial, but there was testimony of different witnesses which conflicted with each other. The Supreme Court has said: "It would not, perhaps, be erroneous, in any case where the testimony was conflicting, for the judge to charge that a witness might be impeached by disproving the facts testified to by him." *Southern Ry. Co.* v. *O'Bryan*, supra. In the instant case we do not think the exceptions in ground 9 disclose reversible error.

The part of the charge enclosed above in parentheses and objected to in ground 3 is taken from the approved charge of the court as sent up in the record. However, the excerpt excepted to in special ground 3 is stated as follows: "Now as to the question of credibility of witnesses and *rebutted* contradictory statements, you, as jurors, are to use your own judgment, etc." (Italics ours.) The word "rebutted" does not appear in this connection in the approved charge. The defendant complains in ground 3 "that in said statement the court did, in effect, tell the jury that there had been rebuttal contradictory statements which was an expression of opinion as to what had been proved by the evidence and said statement of the court was therefore erroneous as a matter of law." In *Fain* v. *Cornett*, 25 *Ga.* 184, 186, the court said, "The word 'rebutting' has a twofold signification, both in common and legal parlance. It sometimes means contradictory evidence only; at other times conclusive or overcoming testimony." The evidence undisputedly discloses that there were contradictory statements between the witnesses. We do not think under the present state of the record that the ground discloses reversible error.

■ Ground 4: The accusation sufficiently set forth an offense under that part of Code § 26-7401 which provides that if any person, by false representation of his own respectability or wealth shall obtain credit and thereby defraud anybody of any money or other valuable thing he shall be deemed a common cheat and swindler. It is therefore immaterial whether the facts alleged constituted an offense under Code § 26-7410 or any other penal statute. The contention that it was error to charge Code § 26-7401 is not meritorious. *Burns* v. *State*, 20 *Ga. App.* 77 (92 S. E. 548).

■ Ground 5: The judge charged in part: "Now, if you believe, after considering all the evidence submitted to you, and the defendant's statement, and believe that the defendant or accused, Cox, did on or about June 6, 1937, or within two years from April 29, 1938, that is, within two years prior to April 29, 1938, that the accused B. H. Cox, did in Colquitt County, Georgia, falsely and fraudulently represent to T. F. Taylor, trading as T. F. Taylor Fertilizer Works, that he was owner of a certain farm located as stated in this accusation, and which he operated in the year 1937, and that there were no outstanding liens against the crops planted and to be planted during that year upon said farm, and you believe that he thus fraudulently obtained credit from said T. F. Taylor, trading as T. F. Taylor Fertilizer Works, of the sum of $418.73, or some part thereof, representing the purchase price of fertilizers and moneys which were alleged to have been obtained upon that representation, [and if you believe that said representations, by the said accused then and there were false, and he knew them to be false, and that they were made with the intent and purpose of deceiving said T. F. Taylor, trading as T. F. Taylor Fertilizer Works, and he thereby deceiving said Taylor, and you believe that said Taylor was relying upon said false, and fraudulent representations, and thereby was induced to part with said property and money above described, and you believe that he was thereby defrauded in the sum named or some part thereof,] by reason of the fact that said Cox was not the owner of said farm and said crops planted upon said farm were not free from lien, but were subject to a lien for rent for the year 1937 in the sum of $400, in favor of G. C. McKenzie, agent, which was executed by said Cox, if you believe he did execute it, which is evidenced by a note described in the accusation, and if you believe further that said Taylor sustained a loss and damage in the sum of $418.73, or some part thereof, and that was done contrary to law, you believe these things beyond a reasonable doubt, then it will be your duty to convict the accused. [Brackets ours.] (On the other hand if, after considering the evidence in the case and the defendant's statement you are not satisfied beyond a reasonable doubt that the charges made in this accusation against him with reference to the representations and procurements of the advances upon them are true, or if you are not satisfied beyond a reasonable doubt that he

was not the owner of the farm, or if you should believe that he was the owner of the farm, or if you should believe that he did not defraud T. F. Taylor in any sum by virtue of those representations, if you believe he made them, then, in that event, the defendant would not be guilty, and it would be your duty to find the defendant not guilty.)   In this connection I will charge you that the representations alleged in the accusation that the accused made to the said Taylor are not wholly dependent for their validity and proof upon the statements contained in the note given for the fertilizers, if you should find that there is any evidence with reference to the representations submitted to you in any other part of the evidence.   In other words, you can look to all the evidence for the time and place of making the representations if you believe any were made, including the note and including the other testimony delivered."   (Parenthesis ours.)

It will be noted that the judge had, in effect, specifically charged, as shown by the part of the charge above enclosed in brackets, that the essential requisites in the offense of cheating and swindling by false representations are, as laid down in *Goddard* v. *State,* supra: "(*a*) That the representations were made; (*b*) that they were knowingly and designedly false; (*c*) that they were made with the intent to deceive and defraud; (*d*) that they did deceive and defraud; (*e*) that they related to an existing fact or past event; (*f*) that the party to whom the false statements were made, relying upon their truth, was thereby induced to part with his property;" and if the State had proved all of these essential elements it would be the duty of the jury to convict the accused.   He then proceeded, in the part of the charge above enclosed in parenthesis, to charge the jury when they would be authorized to acquit the defendant. But in this converse part of his charge he instructed the jury specifically as to the necessity of proving some of these essential elements and he did not specifically charge them that they should acquit the defendant if the State failed to prove the "intent to defraud" which is the third essential element stated in the *Goddard* case.   The "intent to defraud" is the very gravamen of the offense. *McCard* v. *State,* 54 *Ga. App.* 339 (187 S. E. 850).   This portion of the charge was confusing, and if it be construed, and it was very probably construed, as not requiring them to find that the defendant "intended to deceive and defraud" in order to convict if he

made a false statement that he owned the farm, the rule of law given to them by the judge was not sound, for if the State proved the other five elements of the offense and this one only was lacking, the offense was not made out and the charge was erroneous and harmful.

■ Ground 6: In view of the amendment to the accusation all of the representations which were made were made orally and verbally by the said B. H. Cox, the defendant. We think the following excerpt from the charge was inapt: "In this connection, I will charge you that the representations alleged in the accusation that the accused made to the said Taylor are not wholly dependent for their validity and truth upon the statements contained in the note given for the fertilizers. In other words, you can look to all the evidence for the time and place of making the representations, if you believe any were made, including the note and including other testimony delivered."

■ Ground 7 is as follows: "Because the court erred in charging the jury as follows: 'It doesn't matter exactly when [reference to statements of the defendant] they were made excepting they must have been made within two years prior to the date of the filing of this accusation which was the 29th day of April, 1938.' Movant avers that such charge was erroneous and injurious to him because: (a) it was confusing to the jury; (b) it was misleading to the jury; (c) it was also erroneous for the further reason that since the evidence showed that the fertilizers were obtained from the prosecutor in February and March of 1937, the representations must have been made before February of 1937, and not at any time within two years prior to April 29, 1938, because the defendant would not be guilty of any crime for any representations, true or false, made after he was alleged to have obtained the goods from the prosecutor." The charge was, in effect, that the State was not confined to the date alleged in the accusation in proving the crime, but might prove it as of any date within the period of limitations, and that if the jury believed beyond a reasonable doubt that the accused committed the offense alleged in the accusation at the time charged in the accusation or at any time within two years prior to the date of the filing of the same, they would be authorized to convict. *While* v. *State,* 9 *Ga. App.* 558 (71 S. E. 879); *Bryant* v. *State,* 97 *Ga.* 103 (3) (25 S. E. 450). While we think the charge

was somewhat inapt, yet we think the jury understood the effect of the charge.

■ Ground 8: For the reasons above stated the exception in this ground is not properly before this court.

The judgment is reversed on the exceptions contained in ground 5. Since the case is to be tried again, we do not pass on the general grounds.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*