### 30670. NOBLES *v.* THE STATE.

MACINTYRE, J. 1. The court did not err in refusing to continue the case on account of the absence of witnesses where the defendant stated that he expected to prove his good character by the absent witnesses; where he had been out on bond for more than two terms of the court; where he had not given the subpœnas to the sheriff until 10:30 a. m. on Saturday before the following Monday, when the motion for a continuance was made; and where he testified: "As to my knowing what these witnesses would swear, I haven't talked to them. I know they are my friends and I know that they will tell the truth." Moreover, the motion failed to comply with several of the requirements of section 81-1410 of the Code; and the judge did not abuse his discretion in overruling it.

2. "Conclusions by the trial judge upon preliminary and collateral issues, such as are made by . . a challenge to the array of the trial jurors, and a traverse to each respectively, can not properly be asserted as grounds of a motion for a new trial relating to the main and final issue as made by the indictment and the plea of not guilty." *Herndon* v. *State,* 178 *Ga.* 832 (174 S. E. 597). The defendant complains of a ruling of the court on his challenge to the array of the jurors. No exceptions pendente lite were filed, and the main or final bill of exceptions was not filed within the time required in a criminal case, as provided in the Code, § 6-903. In either event the exception comes too late. *Cox* v. *State,* 67 *Ga. App.* 618, 620 (21 S. E. 2d, 283).

3. The exchange of "repartee" between the attorney for the defendant and the trial judge, as appears from the answer of the judge, was not of such a character as to prejudice the cause of the defendant before the jury, or otherwise, and was not cause for a new trial.

4. The general grounds of the motion for new trial not having been argued or mentioned in the brief of the plaintiff in error are treated as abandoned. *Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*

DECIDED DECEMBER 5, 1944.

J. A. Merritt, for plaintiff in error.

Lester F. Watson, solicitor, James F. Nelson, solicitor-general, contra.