## 34817. HAND *v.* THE STATE.

Decided September 19, 1953.

776

*Lester Dickson,* for plaintiff in error.

*Roy Leathers, Solicitor-General,* contra.

TOWNSEND, J. ■ The question of whether or not there was error in the selection of the members of the grand jury which indicted the defendant is not before this court for determination. The challenge to the array and plea in abatement were overruled on February 23, 1953, more than 20 days before the filing of the bill of exceptions and certification thereof on June 23, 1953, and no exceptions pendente lite were preserved to these rulings of the court, for which reason they cannot be considered here. Code (Ann. Supp.) § 6-902.

■ Nor can the issue be raised by motion for a new trial. "Conclusions by the trial judge upon preliminary and collateral issues, such as are made by a plea in abatement to an indictment, or a challenge to the array of the trial jurors, and a traverse to each respectively, cannot properly be asserted as grounds of a motion for a new trial relating to the main and final issue as made by the indictment and the plea of not guilty." *Herndon* v. *State,* 178 *Ga.* 832 (1) (174 S. E. 597); *Cox* v. *State,* 67 *Ga. App.* 618 (1) (21 S. E. 2d 283); *Nobles* v. *State,* 71 *Ga. App.* 802 (2) (32 S. E. 2d 545); *Mattox* v. *State,* 181 *Ga.* 361 (1) (182 S. E. 11); *Hargroves* v. *State,* 179 *Ga.* 722 (1) (177 S. E. 561). The same is true as to a challenge to the array of grand jurors.

■ Code § 27-1601 provides as follows: "All exceptions which go merely to the form of an indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." The defect on which it is sought to arrest judgment must appear on the face of the record, which includes, so far as consideration by this court is concerned, only the indictment, the plea, the verdict, and the judgment of the court. *Pippin* v. *State*, 172 *Ga.* 224 (1) (157 S. E. 185); *Jones* v. *State*, 103 *Ga.* 552 (29 S. E. 423). The same would be true of a motion to set aside the judgment. *Regopoulas* v. *State*, 116 *Ga.* 596 (1) (42 S. E. 1014). It is not within the province of this motion to embrace aliunde evidence tending to show that the members of the grand jury were improperly drawn. These assignments of error are, in consequence, without merit.

■ Special ground 2 of the motion for new trial and the general grounds (which are urged only against count 5 of the indictment) will be considered together. Following a difficulty which the defendant and Carl and Ed Hand (who were jointly indicted with him) had had with certain members of the family the night before, they came to the Ousley home on a Sunday at the time that the family and certain friends were eating dinner. The defendant went to the door and demanded to know the whereabouts of the owner of a Frazier automobile parked in the yard, and was told that its owner had gone to Atlanta. He was ordered from the premises and appeared to be leaving, but instead he ran behind another parked automobile and signaled to the occupants of the car with whom he had come, and these latter, under circumstances the jury could have determined to be prearrangement, thereupon fired into the door of the house. The shot scattered, and five persons were more or less seriously injured. The defendant's contentions in this regard are: (1) as to the general grounds, count 5 should be reversed because the evidence shows that the victim therein named, Walter Alls, was 30 yards from the door at the time he was hit; and (2) that he was in effect being tried for five separate cases and should therefore have been allowed, through his counsel, five hours rather than one hour to argue the case.

It is obvious from the facts here set out that the counts did

not constitute unrelated episodes depending upon different evidence and different legal theories in making out or defending the case, in such manner that the defense of one involved any element not present in the defense of all the others. Just as the intent followed the bullet, so that Walter Alls, 30 yards distant, fell victim to bad marksmanship and was injured with others, some of whom were in the doorway or hall and others in rooms beyond the hall, so the entire transaction involved but one motive, one act, and one transaction. The court properly treated it so, and refused to allow a one-hour argument on each count, although it also appears from the brief of counsel that he was given over an hour to argue the entire case. Where there are circumstances in which it is impossible to present a case fully within the prescribed limit and additional time should be allowed (*Hunt* v. *State*, 49 *Ga.* 255 (1), 15 Am. R. 677), extension of time should be sought in accordance with the provisions of Code § 27-2205 by counsel making a statement in his place to that effect. It does not appear from the record that this was done. These grounds are without merit.

The court did not err in denying the motion for new trial as amended.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*