35955. PILCHER *v.* THE STATE.

DECIDED FEBRUARY 28, 1956—REHEARING DENIED MARCH 14, 1956.

*W. O. Cooper, Jr.*, for plaintiff in error.

*H. T. O'Neal, Jr., Solicitor*, contra.

GARDNER, P. J. ■ The evidence is sufficient to sustain the verdict.

■ Special ground 1 assigns error because the court failed to charge on the legal presumption of ownership or possession of lottery tickets. Special ground 2 complains because the court charged: "I charge you that in this State the husband is recognized by law as the head of his family. Should you find in this case beyond a reasonable doubt that Mr. Pilcher and his wife alone resided together in an apartment on Pine Street, the legal presumption or inference is that the apartment and all the household effects, including any 'bug' tickets, if there were any, belongs to the husband as the head of the family, but this inference or presumption is rebuttable by proof satisfactory to the jury.

"If you believe that the paraphernalia for operating the numbers game was found in the apartment of the defendant, and you find the apartment was in the exclusive possession of the defendant and his wife, this would create a presumption that the defendant was the owner of the paraphernalia and possessor thereof. However, this presumption is rebuttable.

"I charge you should you find in this case that the apartment where Mr. Pilcher was arrested was not exclusively occupied by Mr. Pilcher and his wife, but was in joint possession and control of the defendant and other persons, and you find such other persons had control, access to and authority over the premises, as well as the defendant, then I charge you that the State must connect the defendant with any illegal 'bug' tickets, if any were found there, in such manner as to convince you beyond a reasonable doubt that the defendant was either the owner of such tickets, or that he had custody, possession or control of the same

or knowingly participated in such possession." Counsel for the defendant did not request a more specific charge. It occurs to us that the court charged this sufficiently as shown hereinabove in special ground 2, and in view of the whole charge of the court. The defense of the defendant was that the lottery tickets were placed there by a designing enemy of the defendant, which left no doubt but that the lottery tickets were there. This being admitted by both sides, we can see no harm in the court referring to the lottery or bug tickets as "paraphernalia" used in the lottery or bug game. This phraseology has been approved by this court time and time again. Special grounds 1 and 2 are not meritorious.

■ Special ground 3 assigns error because during the trial of the case the State placed on the stand a witness by the name of Irene Smith, who voluntarily testified under direct examination certain testimony. Counsel for the defendant made no objection to this witness at the time of the trial. Counsel objected because this witness was not forced to answer certain questions propounded to her on cross-examination. This ground is not meritorious because the court did not deprive the defendant of anything to which the defendant was entitled because of the refusal to compel, on pain of contempt, the witness to answer the questions. Since counsel for the defendant did not make a motion to strike the testimony on direct examination, a device open to counsel, we cannot see that an objection made to the evidence elicited or not elicited on cross-examination, is a basis for reversal. See *Gravitt* v. *State*, 74 *Ga.* 191, *Thorpe* v. *Wray*, 68 *Ga.* 359, *Pinkard* v. *State*, 30 *Ga.* 757, and *Young* v. *State*, 65 *Ga.* 525. In *Bishop* v. *Bishop*, 157 *Ga.* 408 (1) (121 S. E. 305) the Supreme Court said: "A party, though introduced as witness in his own behalf, may, upon cross-examination, as to matters not voluntarily testified about on his direct examination, decline to give testimony which would tend to criminate him or to bring infamy, disgrace, or public contempt upon himself."

Counsel for the defendant relies on *McElhannon* v. *State*, 99 *Ga.* 672 (2) (26 S. E. 501), as authority for the position taken that where the State introduces evidence as to a transaction, the defendant may cross-examine as to the whole transaction and where silence is kept on the ground of self-incrimination this is

ground for striking the entire testimony of the witness. Had counsel made a motion to have Irene Smith's testimony stricken when she kept silent on ground of self-incrimination, the whole testimony should have been stricken, but counsel did not make such a motion. Such a motion was made in the *McElhannon* case. Hence the instant case is not controlled by the ruling in the *McElhannon* case.

■ Special ground 4 assigns error because it is alleged that the court committed reversible error in refusing to admit certain questions. The questions concerned liquor transactions which occurred some four or five months after the instant case was made. In refusing to allow the questions to be asked the court specifically advised defense counsel that they would be free to raise the question later in the trial if something in the meantime should transpire which counsel felt would cure the objectionable features of the question. Counsel must not have felt that any such thing ever transpired because they never again availed themselves of the generous offer made by the court. They never again raised the question. It is apparent that the answer would have been hearsay. For this reason, and because the question was not relevant and was not harmful to the defendant, this special ground is not meritorious.

■ Special ground 5 is but a reiteration of the general grounds. We have covered the general grounds thoroughly in division one.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*