### 37214. SLAUGHTER *v.* THE STATE.

GARDNER, Presiding Judge. Annie Wilson Slaughter was charged with violating the alcohol control act in that she did "have, control, store, conceal, possess and have in possession alcoholic and spirituous liquors, whisky, rum and gin upon which the tax and license fee had not been paid and did not bear the revenue stamps." The defendant waived trial by jury and the case was submitted to the trial judge to pass upon the facts and the law. The court found the defendant guilty. Within the time allowed by law the defendant filed a motion in arrest of judgment, which after hearing, the judge denied. The only question before this court is whether or not this judgment was error.

Code § 27-1601 reads: "All exceptions which go merely to the form of an indictment shall be made before trial; and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment." See also *Hand* v. *State*, 88 *Ga. App.* 775 (1c) (77 S. E. 2d 746) wherein this court, in practically the same situation (the only difference being the type of crime alleged to have been committed) said: "A motion to set aside a judgment for matter not appearing on the face of the record and not affecting the real merits of the offense will not be entertained." The record in the instant case does not reveal that the defendant filed a demurrer to the accusation.

Counsel for both parties cite and quote extensively Code sections and decisions pertaining to the revenue act regarding illegal sale of intoxicating liquors. We will not discuss any of those because what we might say would be obiter dictum, under the record now before us. Suffice it to say that the motion in arrest of judgment is without merit.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED JULY 16, 1958—REHEARING DENIED JULY 30, 1958.

*D. Lee Churchwell,* for plaintiff in error.
*Clarence H. Clay, Jr., Solicitor, Harry. F. Thompson, Assistant Solicitor,* contra.