## 50039. WADE v. THE STATE.

DEEN, Presiding Judge.

The defendant was convicted of bastardy in the State Court of Clarke County, under a 1972 accusation reciting that Juanita Richardson had made affidavit of the facts before the Judge of the Magistrates Court; that on the trial in that court Wade had been ordered to give the bond required by former Code § 74-301 (since repealed) and that upon his refusal to do so he was charged with the misdemeanor set out in Code § 74-9901.

The defendant appealed from the judgment of conviction enumerating error on the overruling of a motion for new trial on the general grounds only. Since the mother testified as to every element of the crime it is not seriously contended that the conviction is unsupported by evidence, but rather, on authority of *Scroggins v. State,* 55 Ga. 380 and *Chauncey v. State,* 129 Ga. App. 207 (199 SE2d 391) that since the record does

not include a copy of the affidavit on which the original warrant issued the entire proceeding is void. The point was not raised on the trial or by the motion for new trial, and is not properly before us for adjudication. As held in *Cleveland v. State,* 109 Ga. 265 (34 SE 572), where a court of general jurisdiction is involved (as opposed to a justice of the peace court of very limited jurisdiction) no question of the legal sufficiency of an accusation can be properly raised in a motion for new trial.

Further, after judgment the presumption is in favor of the legitimacy of the trial machinery in a court having, as the State Court of Clarke County does, all the jurisdiction exercised by superior courts not exclusively reserved to the latter by the Constitution. No attack has in fact ever been made on the affidavit supporting the original warrant on which this accusation is founded. The witness who made the affidavit also testified in open court. Had the accusation been for any reason defective this objection should have first been raised in the trial court.

*Judgment affirmed. Evans and Stolz, JJ., concur.*

SUBMITTED JANUARY 13, 1975 — DECIDED JANUARY 30, 1975.

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellant.

*Ken Stula, Solicitor,* for appellee.