A96A0548. HICKS v. THE STATE.
(472 SE2d 474)

SMITH, Judge.

Keith J. Hicks was charged by accusation with driving under the influence, OCGA § 40-6-391 (a), and speeding, OCGA § 40-6-181. He appeals from the judgment of conviction and sentence.

1. Hicks asserts the general grounds. The arresting police officer testified he was on patrol when he observed Hicks's vehicle traveling at a high rate of speed, paced his vehicle for one-quarter to one-half mile, and determined the vehicle was traveling at a speed of 50-52 mph in a 35-mph zone. After the officer stopped Hicks, he observed him fumbling with his identification, detected an odor of alcohol on his breath and clothing, and observed that Hicks's eyes were red and glassy and his speech slurred. The officer then administered several field sobriety tests, all of which Hicks failed. Moreover, Hicks admitted at trial that he consumed four beers that evening, and acknowledged, "I was a fraction less safer than a sober driver."

Hicks and his attorney measured the distance over which the officer testified he paced Hicks's vehicle, and Hicks testified the distance was shorter than as testified to by the officer. From this, he argues that the officer could not have paced his speed as he testified he did, that his testimony was "physically impossible," and that it should be rejected as a matter of law. We do not agree.

"As for defendant's contention that the state's evidence was incredible, impossible and inherently improbable, while we recognize that where testimony is given which is irreconcilable with the great physical laws of the universe, such a conflict completely destroys the

testimony, and this court can properly say that there is no testimony; this is not the case here. We find nothing inherently impossible in the police officer's testimony so as to make it irreconcilable with natural physical laws." (Citation and punctuation omitted.) *Howell v. State*, 179 Ga. App. 632, 633 (1) (347 SE2d 358) (1986). While Hicks's testimony as to speed and distance varied from that of the officer, discrepancies in testimony as to speed and distance, as a possible discrediting factor, go only to the weight and credibility to be given the officer's testimony. The jury in resolving disputed issues of fact was authorized to believe parts of the officer's testimony and reject other parts. Id. When viewed in the light most favorable to the verdict, ample evidence was presented to enable a rational trier of fact to find that Hicks was guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hicks also complains that the trial court improperly granted the State's motion for continuance based on the absence of a prosecution witness. Hicks contends the State's failure to comply with all the requirements of OCGA § 17-8-25, specifically the failure to show the witness was under subpoena, "places the motion outside the realm of the Court's discretion to grant it." We do not agree.

The trial court had authority to grant a continuance under its general power to serve the principles of justice. "The grant or denial of a motion for continuance is within the sole discretion of the trial judge, and absent a showing that such discretion was abused, it will not be controlled. OCGA § 17-8-33 (a); [cit.]. . . . This court has held that the code provisions relating to continuances address themselves 'to that broad discretion which looks primarily to the attainment of justice under the special facts of the particular case, — a discretion unfettered by the exact letter of the law.' [Cit.]" *Campbell v. State*, 181 Ga. App. 790, 791 (354 SE2d 10) (1987). OCGA § 17-8-33 (a) provides that when "the absence of a material witness or the principles of justice should require a continuance of the case, . . . the court shall allow a continuance until the next term of the court."[1]

Moreover, this Court has typically applied the strict terms of the continuance statutes in reviewing the denial, rather than the grant, of a motion for continuance in a criminal prosecution. "Each of the named requirements [of OCGA § 17-8-25] must be met before the appellate court will review the trial court's discretion in denying the motion for continuance based upon the absence of a witness. [Cits.] The trial court has discretion in determining whether to grant a con-

---

[1] We do not consider the possible effect of a demand for trial under OCGA § 17-7-170, as the record shows no such demand and the parties have not raised this issue.

tinuance for absence of a witness, and *that discretion is not abused unless all of the requisites of OCGA § 17-8-25 are shown and the trial court still denied a continuance.* [Cits.]" (Emphasis supplied.) *Luttrell v. State*, 176 Ga. App. 508 (3) (336 SE2d 369) (1985). See also *Dorsey v. State*, 203 Ga. App. 397, 399 (1) (416 SE2d 879) (1992) (requirements of OCGA § 17-8-25 must be met before this Court may review *denial* of motion for continuance); *Garrett v. State*, 202 Ga. App. 463 (414 SE2d 693) (1992).

"It was pointed out in *Hobbs v. State*, 8 Ga. App. 53, 54 (68 SE 515) [(1910)] that continuances in criminal cases are not governed by the strict rules of civil cases and that the motion should be granted whenever the principles of justice appear to demand a postponement." (Citations and punctuation omitted.) *Gallimore v. State*, 166 Ga. App. 601 (305 SE2d 164) (1983). The absence of a material witness for the State is a reasonable showing in support of a continuance within the meaning of OCGA § 17-8-21,[2] and in such circumstances, the trial court does not abuse its discretion in granting the State's motion for a continuance. *Minicucci v. State*, 214 Ga. App. 468, 469 (2) (448 SE2d 34) (1994). In *Minicucci*, this Court held that the trial court did not abuse its discretion in granting the State's motion for continuance where at least one of the absent witnesses had been subpoenaed. It does not necessarily follow, however, that the converse is true. A trial court does not abuse its discretion as a matter of law in granting a continuance in the *absence* of a subpoena.

In *Waters v. State*, 85 Ga. App. 79, 81-82 (68 SE2d 233) (1951), the defendant moved for a continuance on the ground of absence of a witness, who was ill and in the hospital. The trial court denied the continuance, the defendant appealed, and this Court reversed. On appeal, the State asserted the continuance was properly denied because the defendant had failed to subpoena the witness. This Court looked to the language of Ga. Code Ann. § 27-2002 (identical to that of OCGA § 17-8-33 (a)) providing for a continuance when "the absence of a material witness or the principles of justice should require a postponement" in preference to the language of former Ga. Code Ann. § 81-1410 requiring that the witness have been placed under subpoena. This Court also noted the language of *Hobbs v. State*, supra, that failure to subpoena a witness is not necessarily fatal " '[i]f it appears that the defendant has done all that was within his power to procure the attendance of a witness, whose attendance could probably be later secured, *even though he might not have subpoenaed him.*' " (Emphasis supplied.) *Waters*, supra at 82. Noting

---

[2] "In all cases in which the defendant cannot, according to law, demand a trial, a continuance shall not be granted to the state, except upon a reasonable showing therefor."

that "the failure to hand the subpoena to the witness personally appears to have had nothing to do with the absence of the witness," id. at 81, because he was in the hospital and could not attend the trial in any event, this Court reversed the trial court's denial of the defendant's motion for a continuance.[3] Under the reasoning of *Waters*, a trial court should likewise have sufficient discretion under OCGA § 17-8-33 to *grant* a motion for continuance, whether by the State or the defendant, even if a witness was not placed under subpoena.

In this case, the police officer witness was not under subpoena but had been served with a document styled "Notice of Trial," a method customarily employed by the local police department and solicitor's office. The failure to subpoena the witness, however, had nothing to do with his absence. It is undisputed that he was involved in a shooting and physical struggle with a suspect on the night before the State made its motion for continuance, that he was placed on administrative leave, which prevented him from testifying as a matter of police department policy, and that he was expected to be under the care of a mental health professional "after his close call" on the day of trial. Construing the requirements of OCGA § 17-8-25 in pari materia with OCGA § 17-8-33 and prior decisions, which do not appear to apply the strict terms of the continuance statutes in reviewing the *grant* of a continuance, we cannot conclude that the trial court's grant of the State's motion for a continuance under these highly unusual circumstances constituted an abuse of discretion.

We note, however, that the better practice is to subpoena witnesses in accordance with the Code, rather than to rely upon the trial court's general discretionary power to grant a continuance. Had the trial court denied the State's motion, there could have been no review of that decision because of the State's failure to comply with the requirements of OCGA § 17-8-25. See OCGA § 5-7-1.

3. Hicks contends the trial court erred in finding probable cause for the officer to stop his vehicle, that his motion to suppress should have been granted, and that this "invalidat[ed] all subsequent proceedings." Even assuming that probable cause, rather than articulable suspicion, was necessary, the decision to stop Hicks was based on a traffic violation observed by the officer. "The stop of a vehicle is authorized, and not pretextual, if the officer observed a traffic

---

[3] *Waters* predated the Civil Practice Act and relied on Ga. Code Ann. § 27-2002, the predecessor to OCGA § 17-8-33, in preference to Ga. Code Ann. § 81-1410, the predecessor to both OCGA § 17-8-25 and OCGA § 9-10-160, characterizing the latter as applying "especially to civil cases." Id. at 82. The language of that section, however, was also embodied in the criminal codes, see Penal Code 1895, § 962; Penal Code 1910, § 987, and decisions before and after *Waters* apply it to criminal prosecutions. See, e.g., *Davis v. State*, 153 Ga. App. 433 (265 SE2d 351) (1980); *Nobles v. State*, 71 Ga. App. 802 (1) (32 SE2d 545) (1944).

offense. Thus, the trial court did not err in denying defendant's motion to suppress." (Citations and punctuation omitted.) *Jones v. State*, 200 Ga. App. 666 (1) (409 SE2d 251) (1991) (appellant stopped for traffic offense and arrested for DUI). While failure to issue a citation or even an acquittal on an underlying traffic offense is " 'of no consequence' " in determining the officer's probable cause to stop the vehicle, *Allenbrand v. State*, 217 Ga. App. 609, 610 (1) (458 SE2d 382) (1995), in this case Hicks was both cited for and convicted of the traffic offense.

4. Finally, Hicks contends the trial court erred in refusing to give two requested charges to the jury. As Hicks acknowledges, both requests set forth the "two theories" charge, "that is, that where all the facts and circumstances of the case and all reasonable deductions present two equal theories, one of guilt and the other of innocence, then the jury must acquit the accused. However, this court has held that this statement of the law does not accurately state the principle addressed and should never be given. [Cit.]" *Matthews v. State*, 214 Ga. App. 104, 105 (2) (446 SE2d 790) (1994). To the extent the requested charges dealt with other issues, those portions of the charge were adequately covered in the trial court's charges on circumstantial evidence, the presumption of innocence, and the State's burden of proof.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED JUNE 4, 1996 —
RECONSIDERATION DENIED JUNE 18, 1996 — ▮▮▮▮▮▮

*W. Jason Uchitel*, for appellant.

*Ralph T. Bowden, Jr., Solicitor, Amanda F. Sandifer, Noah H. Pines, Walter C. Howard, Assistant Solicitors*, for appellee.