A98A2222. THE STATE v. LORD.
A98A2223. THE STATE v. ROSIER.
(513 SE2d 25)

SMITH, Judge.

In each of these two cases, the State appeals an order suppressing the results of an Intoxilyzer 5000 breath test. We consider whether the rule established in *State v. O'Donnell*, 225 Ga. App. 502 (484 SE2d 313) (1997), requiring the post-arrest giving of *Miranda* warnings before administering field sobriety tests, also requires the giving of *Miranda* warnings before the state administered breath test. OCGA § 40-5-55 (a) provides for statutory consent to the breath test subject to the provisions of OCGA § 40-6-392, when an adequate implied consent warning is given pursuant to OCGA § 40-5-67.1 (b). For this reason, the decision in *O'Donnell* does not apply to the state administered breath test; post-arrest *Miranda* warnings therefore

are not required, and the trial court erred in suppressing the test results.

> While the trial court's findings as to disputed facts in a ruling on a motion to suppress will be reviewed to determine whether the ruling was clearly erroneous, where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review.

(Citations and punctuation omitted.) *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

The parties do not dispute the relevant facts in either case. Both Lord and Rosier were stopped by law enforcement officers while driving in Camden County. In each case, the investigating officer concluded that the driver was under the influence of alcohol and placed him under arrest. The required implied consent warning was read to Lord and to Rosier before administering the state breath test, but neither officer administered a *Miranda* warning. Lord and Rosier agree that the implied consent warnings under OCGA § 40-5-67.1 (b) were properly administered.

Both Lord and Rosier moved to suppress the results of their breath tests, contending they were barred by *O'Donnell*, supra. The trial court granted the motions and these appeals followed.

We first note that *O'Donnell* is inapplicable here. The portion of that decision relied upon by Lord and Rosier deals exclusively with the requirement of *Miranda* warnings before the administration of field sobriety tests on the basis of the state privilege against self-incrimination, OCGA § 24-9-20 (a). *O'Donnell*, supra at 503-504 (1). This court analyzed the admissibility of the breath test results separately, concluding that the implied consent warning was inadequate because it did not comply with OCGA §§ 40-5-67.1 and 40-6-392. Id. at 505-506 (3).

Moreover, applicable statutes and decisions of this court and the Supreme Court of Georgia clearly establish that the state administered breath test under OCGA § 40-6-392 does not require *Miranda* warnings. OCGA § 40-5-55 provides that

> any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to Code Section 40-6-392, to a chemical test or tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug.

Even a dead, unconscious, or otherwise incapable person is

"deemed not to have withdrawn the consent." OCGA § 40-5-55 (b).

In *Fantasia v. State*, 268 Ga. 512 (491 SE2d 318) (1997), the Supreme Court of Georgia observed that both the United States and Georgia constitutional prohibitions against self-incrimination are "directed towards prohibiting the State's use of coercion or compulsion to be a witness against oneself. Therefore, if there is no State coercion or compulsion, an individual's right against self-incrimination is not implicated. [Cits.]" Id. at 513 (2). The court found that no State compulsion occurs in administering a breath test under the implied consent statute, and submission to a breath test therefore does not infringe upon a suspect's right against self-incrimination. Id. at 514. The decisions of this court are in agreement. See *Heller v. State*, 234 Ga. App. 630, 631 (1) (507 SE2d 518) (1998). The choice to submit or refuse to submit to the state administered test pursuant to the implied consent statute "is not . . . an easy or pleasant one to make, but the criminal process often requires suspects and defendants to make difficult choices." (Punctuation omitted.) *Fantasia*, supra at 514 (2).

Evidence not protected by the privilege against self-incrimination cannot be suppressed due to the failure of the arresting officer to inform the defendant of his *Miranda* rights. *State v. Mack*, 207 Ga. App. 287 (2) (427 SE2d 615) (1993); *Lankford v. State*, 204 Ga. App. 405, 406 (1) (419 SE2d 498) (1992) (full concurrence in Division 1). Compare *State v. Warmack*, 230 Ga. App. 157, 158-159 (495 SE2d 632) (1998) (*Miranda* warnings required before additional tests outside statutory authorization).

The trial court erroneously suppressed the results of Lord's and Rosier's breath tests based on the officer's failure to inform them of their *Miranda* rights.

*Judgment reversed in Case Nos. A98A2222 and A98A2223. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 1999 —
RECONSIDERATION DENIED MARCH 11, 1999.

*Stephen D. Kelley, District Attorney, James J. Presswood, Jr., Assistant District Attorney*, for appellant.

*Clyde M. Urquhart*, for appellees.

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Carol A. Callaway, Senior Assistant Attorney General, Neal B. Childers, Christopher S. Brasher, Assistant Attorneys General*, amici curiae.