## A01A0424. CALLAHAN v. THE STATE.
### (547 SE2d 741)

MILLER, Judge.

Convicted of five counts of public indecency, Victor Callahan appeals on three grounds: (1) the evidence was insufficient, (2) the court did not instruct the jury properly on the separateness of the counts, and (3) trial counsel provided ineffective assistance. We hold that the circumstantial evidence excluded reasonable hypotheses of innocence, that the jury charge as a whole adequately focused on the distinct nature of each count, and that evidence supported the court's finding that trial counsel pursued a reasonable trial strategy. Thus, we affirm.

Construed in favor of the verdicts, the evidence showed that over a period of nine days in July 1997, five different women in five different locations witnessed in plain view a male of defendant's race exhibit his genitalia and masturbate in a small white car belonging to Callahan, after getting each woman's attention. Two instances took place on July 9 at about 9:00 a.m. (Count 2) and 5:20 p.m. (Count 3), two on July 12 at about 8:00 a.m. (Count 4) and 8:45 a.m. (Count 1), and one on July 17 (Count 5). The witnesses in Counts 1, 2, and 4 recorded Callahan's car tag number and positively identified him in court or in a pre-trial pictorial lineup as the perpetrator. The witness in Count 5 also recorded the tag number. Callahan denied participating in the crimes, claiming that an acquaintance had taken his car from July 7 until 2:45 p.m. on July 12.

1. Regarding sufficiency of the evidence, the question on appeal is whether the evidence, as construed in favor of the verdicts, would

allow a rational trier of fact to find beyond a reasonable doubt the elements of each of the charged crimes.[1] Where a conviction is based on circumstantial evidence alone, that evidence must exclude all reasonable hypotheses save the guilt of the accused.[2] The jury generally determines the reasonableness of hypotheses and the credibility of the evidence.[3]

Callahan argues that since the witnesses in Counts 3, 4, and 5 never identified him in court, his convictions on these counts were based on circumstantial evidence alone, which does not exclude the reasonable hypothesis that his acquaintance was driving the car and committed these crimes. This argument fails for five reasons. First, the witnesses in Counts 1 and 2 did identify Callahan in court as driving his car and committing public indecency in front of them on July 9 and early on July 12, thus refuting the hypothesis and his testimony that his acquaintance had the car on these days. This circumstance also allowed the jury to exclude the hypothesis that the acquaintance had the car at other times on these same days when the witnesses in Counts 3 and 4 were confronted.

Second, the witness in Count 5 was confronted on July 17, a day on which Callahan admittedly had the car. Third, the witness in Count 4 testified that she identified Callahan out of a pictorial lineup as the person she was "99.9 percent sure" was the perpetrator. Fourth, evidence showed that the acquaintance, who was ten years younger than Callahan, looked much different from Callahan. Fifth, in a similar transaction committed a month after these crimes, a sixth witness positively identified Callahan as masturbating in the same car in front of her. The sum total of this evidence allowed a jury to exclude the hypothesis that someone other than Callahan was driving his car when the five acts of public indecency occurred.[4]

2. Callahan contends the court erred in instructing the jury that it was for them to determine whether the evidence showed beyond a reasonable doubt that he was "the perpetrator of the alleged crimes." The court in the same paragraph continued to use similar language. Callahan claims that this confused the jury by lumping all five counts together and further constituted an improper[5] expression by the court of an opinion on the evidence that the same person committed all five crimes. We disagree.

We review the court's jury charge as a whole to determine whether it failed to instruct the jury as to its duty to consider each

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] OCGA § 24-4-6; *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998).

[3] *Robbins*, supra, 269 Ga. at 501 (1).

[4] See *Moore v. State*, 242 Ga. App. 208, 210-211 (1) (529 SE2d 210) (2000).

[5] See OCGA § 17-8-57.

count separately.[6] Here the court reminded the jury, as it had instructed them at the beginning of trial, that Callahan was charged "with five separate and distinct violations of Georgia law and those counts have been set forth in the accusation" sent out with them to the jury room. The court further instructed the jury that in the event they did "not believe the evidence sufficient to convict the Defendant on any specific count of the accusation . . . or if [they had] a reasonable doubt in [their] minds as to his guilt on any specific count," then it was their duty to acquit Callahan "on any such count." We hold that when read as a whole, the jury charge adequately instructed the jury on their duty to consider each count separately.[7] Also, we do not read the language of the charge as an expression of an opinion that the same person committed all five crimes, particularly since the court emphasized that it did not intimate or express any opinion as to the facts and inferences of the case.[8]

3. Callahan points to three actions of his trial counsel as evidence of ineffective assistance. The court held an evidentiary hearing on the allegations and found that Callahan had not made the required showings that his attorney's performance was deficient and that the deficiency prejudiced him.[9] We must affirm this ruling unless it is clearly erroneous.[10]

Callahan first claims that his trial counsel erred in failing to move for a directed verdict on Counts 3, 4, and 5. As set forth in Division 1 above, the evidence was sufficient to sustain the jury's verdict on these counts. Thus, such a motion would have been futile and cannot serve as a basis for finding ineffective assistance.[11]

Callahan then contends that his counsel performed deficiently in her decision to have him display his genitalia to the jury so as to show a birthmark thereon not referenced by any of the witnesses. Since Callahan failed to inform his counsel of this birthmark until the last day of the defense's case, counsel had no adequate opportunity to obtain photographic evidence instead. Under these circumstances, it was a reasonable trial strategy, although distasteful, to have the jury view the evidence firsthand.[12]

Third, Callahan argues that trial counsel erred in failing to move for a mistrial when the court granted counsel's motion in limine to

---

[6] *Heard v. State*, 177 Ga. App. 802, 804 (4) (341 SE2d 459) (1986).

[7] Id.; see *Tiller v. State*, 218 Ga. App. 418, 419 (2) (461 SE2d 572) (1995).

[8] See *Gutierrez v. State*, 235 Ga. App. 878, 880 (1) (510 SE2d 570) (1999).

[9] Cf. *Moody v. State*, 273 Ga. 24, 27 (5) (537 SE2d 666) (2000) (these two showings must be made to show ineffective assistance of counsel).

[10] *Jones v. State*, 246 Ga. App. 494, 496 (2) (540 SE2d 693) (2000).

[11] *Banks v. State*, 244 Ga. App. 191, 192 (1) (c) (535 SE2d 22) (2000).

[12] Cf. *Head v. Taylor*, 273 Ga. 69, 79 (3) (538 SE2d 416) (2000) (courts should be highly deferential to trial counsel decisions arguably dictated by a reasonable trial strategy).

prevent the witness in Count 4 from testifying to some later tainted pre-trial identification of Callahan and from identifying him in court. He contends that since the State in its opening statement had asserted that this witness "saw this man, Victor Callahan," the exclusion of this witness's identification testimony meant that the opening statement assertion could not be shown, leaving the jury unreasonably tainted.[13] This argument, however, ignores the fact that the court did admit other evidence showing that this witness picked Callahan out of an earlier pictorial lineup as the man she was "99.9 percent sure" was the perpetrator of the public indecency. Thus, admissible evidence supported the prosecution's remark in the opening statement.

As there is evidence to support the trial court's finding of effective assistance, it was not clearly erroneous.[14] We affirm.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED APRIL 11, 2001.

*Garcia & Powell, Morris H. Wiltshire, Jr., Vicki E. Carter*, for appellant.

*Gerald N. Blaney, Jr., Gwinnett County Solicitor-General, Gary S. Vey, Gwinnett County Assistant Solicitor-General*, for appellee.

---

[13] Cf. *Green v. State*, 172 Ga. 635 (3) (158 SE 285) (1931) ("The opening statement of counsel in outlining his side of the case to the jury should be confined to a summary or recital of such matters of proof only as are admissible under the rules of evidence.").

[14] See *Mann v. State*, 240 Ga. App. 809, 811 (3) (524 SE2d 763) (1999), aff'd, 273 Ga. 366 (541 SE2d 645) (2001).