A01A1172. THE STATE v. CARRAWAY.
(554 SE2d 602)

BARNES, Judge.

The State appeals the trial court's order suppressing "all evidence subsequent to [David W. Carraway's] arrest, including the so-called field sobriety tests, visual observations of the officers, and the State administered breath test." Because we find the trial court's relief was overly broad for a *Miranda* violation, we reverse the portion of the order suppressing evidence of the officers' observations and the breath test.

After Carraway was stopped for riding his motorcycle without a helmet, the officer immediately placed him under arrest and called an Atlanta DUI Task Force officer because Carraway appeared intoxicated. Upon his arrival, the DUI officer immediately smelled a strong odor of alcohol, saw that Carraway's eyes were bloodshot and glazed, and saw that Carraway had difficulty standing erect. He then had Carraway perform field sobriety tests. Carraway later consented to a breath test, and he was accused ultimately of driving under the influence of alcohol to the extent that he was a less driver (OCGA § 40-6-391 (a) (1)), driving with an alcohol concentration of at least 0.10 grams (OCGA § 40-6-391 (a) (5)),[1] and operating a motorcycle without a helmet (OCGA § 40-6-315 (a)).

Carraway moved to suppress all evidence obtained after his

[1] This offense occurred before the most recent changes to the DUI law.

arrest because he was not warned of his *Miranda* rights. After an evidentiary hearing, the court suppressed all evidence obtained after Carraway's arrest, but refused to issue a written order. Following the State's nolle prosse of the 0.10 charge, Carraway was convicted of the less safe driver DUI charge and the no helmet charge. The court granted a new trial, however, because of insufficient evidence of venue.

Shortly before the new trial date, the State filed a motion requesting that the court limit its earlier suppression ruling to allow "non-testimonial evidence, such as the visual observations of the defendant . . . and . . . the breath test." The court denied this motion by written order, and the State appeals. As the State concedes that the trial court did not err by excluding the field sobriety test results, the only issue before us is whether the trial court erred by suppressing the other evidence.

We find the trial court erred by suppressing the results of the breath test.[2] The privilege against self-incrimination protects one from being compelled to testify against oneself or otherwise provide the State with evidence of a testimonial or communicative nature. A testimonial communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. A response to a request to take a breath test is neither testimonial nor communicative. It is neutral in effect and not protected by the privilege against self-incrimination. *Scanlon v. State*, 237 Ga. App. 362, 363-364 (1) (514 SE2d 876) (1999). "Evidence not protected by the privilege against self-incrimination cannot be suppressed due to the failure of the arresting officer to inform the defendant of his *Miranda* rights." *State v. Lord*, 236 Ga. App. 868, 870 (513 SE2d 25) (1999). Therefore, the failure to give *Miranda* warnings does not require suppression of the results of Carraway's breath test.

For the same reasons, we find that the trial court also erred by suppressing evidence regarding the officers' observations of Carraway at the scene of the traffic stop. *Miranda* applies to custodial interrogations. Therefore, the failure to give *Miranda* warnings does not require the suppression of a police officer's testimony about his mere observations of Carraway at the scene of the traffic stop. Compare *Creamer v. State*, 229 Ga. 511, 516-518 (3) (192 SE2d 350) (1972).

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

---

[2] Although the State nolle prossed the OCGA § 40-6-391 (a) (5) charge, the results of Carraway's breath test could be admissible on the remaining less safe driver charge.

DECIDED SEPTEMBER 6, 2001 —

*Joseph J. Drolet, Solicitor-General, Shukura L. Ingram, Katherine Diamandis, Assistant Solicitors-General,* for appellant.
*Head, Thomas, Webb & Willis, Thomas J. Thomas,* for appellee.