A03A0860. CARRAWAY v. THE STATE.
(587 SE2d 152)

PHIPPS, Judge.

David Carraway appeals the trial court's denial of his motion for acquittal based on alleged violations of his right to a speedy trial. For reasons that follow, we affirm.

This is the second time this case has been before this court. In the previous case, the state appealed the trial court's order suppressing nontestimonial evidence because the arresting officer failed to give *Miranda* warnings.[1] We reversed the trial court's order, and the trial court received our remittitur on March 22, 2002.[2]

The trial court promptly scheduled the case for trial on April 24, 2002, but it was reset to May 22, based on "atty conflict." On May 16, Carraway's counsel notified the court of a conflict, and the court rescheduled the case to June 27, based on "expert conflict." On June 17, Carraway's counsel moved for a continuance based on the unavailability of his expert on June 27. The trial court continued the case to August 21, based on "atty conflict."

On August 21, Carraway's counsel gave the state a motion in limine challenging the admissibility of the certifications for the state's breath test machine. After an extensive discussion with counsel of the merits of the motion, the trial court granted the state's request for a continuance for further briefing and a hearing on the

[1] *State v. Carraway*, 251 Ga. App. 469 (554 SE2d 602) (2001).
[2] Id.

issue and reset the case for September 23. Carraway's counsel did not object to the continuance and recognized the state's need for one.

On September 23, the state requested a continuance because it learned that an officer, whose testimony was critical to proving the DUI, was out of town and unavailable to testify until two days later. Carraway's counsel objected to the continuance, and the trial court rescheduled the trial for two days later. When Carraway's counsel objected to this date because his expert witness would not be able to appear, the court rescheduled the trial to October 9, over Carraway's objection.

On October 7, Carraway filed a motion for discharge and acquittal based on a violation of his speedy trial rights. On October 9, the trial court heard argument on the speedy trial motion and denied it, noting that

> On September 23rd, both sides announced ready,[3] but the state subsequently discovered that a key witness was on vacation and requested the Court to grant a continuance. The Court granted it, giving consideration to the fact that such events do happen from time to time. And the Court is aware of the work habits and ethics of both counsel involved in the trial of this case. I have publicly and openly on several occasions complimented both sides for being ready when called into courts. I've complimented [defense counsel] on always letting the Court know if he has a conflict. I've complimented the state's attorney for being prepared and ready to go to trial. And the Court recognizes sometimes things happen over which you don't have any control. And I exercise my discretion in that event to grant the state a continuance. And I don't believe the facts and circumstances of this case would justify an acquittal based upon a constitutional violation of the speedy [sic] rights.

1. Carraway contends the trial court abused its discretion when it granted the state a continuance on September 23, 2002, because the state failed to fulfill all of the requirements of OCGA § 17-8-25; specifically, the state did not show it had subpoenaed the missing officer. This Code section provides:

> In all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed; that he does

---

[3] When the case was initially called, the state announced, "Judge, we are ready subject to arrival of witnesses."

not reside more than 100 miles from the place of trial by the nearest practical route; that his testimony is material; that the witness is not absent by the permission, directly or indirectly, of the applicant; that the applicant expects he will be able to procure the testimony of the witness at the next term of the court; that the application is not made for the purpose of delay but to enable the applicant to procure the testimony of the absent witness; and the application must state the facts expected to be proved by the absent witness.

We find no merit in Carraway's contention because this court has already decided that a "trial court does not abuse its discretion as a matter of law in granting a continuance in the absence of a subpoena."[4] A trial court has the "authority to grant a continuance under its general power to serve the principles of justice."[5] We find the trial court did not abuse its discretion by granting the September 23, 2002 continuance.[6]

2. Carraway asserts that the trial court erred by denying his motion for acquittal based on a violation of his constitutional speedy trial rights.[7] *Barker v. Wingo*[8] generally requires a court to balance the following four factors to determine whether a defendant's constitutional right to a speedy trial has been denied: (a) the length of the delay; (b) the reason for the delay; (c) the defendant's assertion of his right; and (d) the prejudice to the defendant.[9] "The fourth factor requires the court to consider three interests: (i) preventing oppressive pretrial incarceration, (ii) minimizing anxiety and concern of the defendant, and (iii) limiting the possibility that the defense will be impaired."[10] If, however, the length of the delay is not "presumptively prejudicial," then a court need not analyze the remaining three *Barker* factors.[11]

In this case, the length of the delay, six months, is measured from the date the remittitur was received by the trial court.[12] After reviewing other cases with similar delays, it appears that a six-month delay may not be presumptively prejudicial.[13] Out of an abun-

---

[4] (Emphasis omitted.) *Hicks v. State*, 221 Ga. App. 735, 737 (2) (472 SE2d 474) (1996).

[5] Id. at 736.

[6] Id.

[7] Carraway did not file a demand for a speedy trial under OCGA § 17-7-170.

[8] 407 U. S. 514, 530 (92 SC 2182, 33 LE2d 101) (1972).

[9] *Thomas v. State*, 274 Ga. 492, 494 (555 SE2d 693) (2001).

[10] (Citation omitted.) *Johnson v. State*, 268 Ga. 416, 417 (2) (490 SE2d 91) (1997).

[11] *Chambers v. State*, 213 Ga. App. 414, 415 (1) (a) (444 SE2d 820) (1994).

[12] Id. See also *Potts v. State*, 261 Ga. 716, 721 (6) (410 SE2d 89) (1991).

[13] See *Lumpkin v. State*, 255 Ga. 363, 364 (2) (338 SE2d 431) (1986); *Buxton v. State*, 253 Ga. 137, 140 (4) (317 SE2d 538) (1984); *Glidewell v. State*, 169 Ga. App. 858, 860 (2) (314 SE2d 924) (1984).

dance of caution, however, we will balance the remaining three *Barker* factors.

In this case, the reason for the six-month delay can be equally attributed to Carraway and the state. Two, and possibly three, of the continuances were sought by Carraway due to either attorney or expert conflicts. The remaining two continuances were sought by the state, one of which resulted from a last-minute motion filed by Carraway and to which Carraway did not object. And, the last continuance would have caused only a two-day delay, but for Carraway's scheduling conflicts. There is no evidence the state deliberately attempted to delay the trial in order to hamper the defense. To the extent a portion of the delay can be attributed to the state, "it is relatively benign."[14]

Carraway did not assert his right to a speedy trial until he filed the motion to dismiss two days before his retrial date, six months after the remittitur was received by the trial court, and thirty-five months after his arrest date. His delay in asserting his right should therefore be balanced strongly against him.[15]

Finally, Carraway admits that he has not been prejudiced by pretrial incarceration and has not shown that his defense will be impaired. Although Carraway asserts that his expert witness and a material witness could not appear on the last trial date due to scheduling conflicts, he has made no showing that they will be unavailable permanently due to circumstances such as death or disappearance.[16] Carraway asserts he suffered from anxiety and stress because the adoption of his stepson was delayed by the pending criminal case. The fact that he failed to file a speedy trial demand, however, suggests that he was not suffering from undue anxiety and stress.[17]

After balancing all of the *Barker* factors, we find the trial court did not err when it denied Carraway's motion for discharge and acquittal.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[14] *Thomas v. State*, supra, 274 Ga. at 494.

[15] *Nelloms v. State*, 274 Ga. 179, 181 (549 SE2d 381) (2001); *Thomas*, supra, 274 Ga. at 494-495.

[16] Compare *State v. Allgood*, 252 Ga. App. 638, 641 (556 SE2d 857) (2001) (speedy trial rights violated based on length of delay, the lack of reason for delay, and the death of a material witness); *State v. Bazemore*, 249 Ga. App. 584, 586-587 (1) (549 SE2d 426) (2001) (speedy trial rights violated based on length of unexplained delays and defense's inability to locate material witness).

[17] See *Jernigan v. State*, 239 Ga. App. 65, 67 (517 SE2d 370) (1999).

DECIDED AUGUST 26, 2003 —
RECONSIDERATION DENIED SEPTEMBER 11, 2003 — 

*Head, Thomas, Webb & Willis, William C. Head,* for appellant.
*Joseph J. Drolet, Solicitor-General, Michael Y. Doko, Assistant Solicitor-General,* for appellee.