## A06A1195. DOWD v. THE STATE.
### (634 SE2d 509)

PHIPPS, Judge.

Patrick Dowd was charged with possession of less than one ounce of marijuana and failure to stop for a traffic sign. Dowd filed a motion to suppress that was denied. At the call of the case for trial, the state was granted a continuance. At a subsequent bench trial, the court heard the case on stipulated facts and found Dowd guilty of the offenses charged. Dowd appeals his convictions, complaining of the court's denial of his motion to suppress and its grant of the state's motion for continuance. Finding no error or abuse of discretion, we affirm.

1. The court did not abuse its discretion in granting the state's motion for a continuance.

The request for a continuance was based on the absence of a material witness. Statements made by counsel at the hearing on the motion showed that the deputy sheriff who had tested the marijuana was the absent witness. At the time of the hearing, he was no longer employed as a law enforcement officer in the county. A subpoena had

---

been issued for his appearance at trial. But the sheriff's office had failed to serve the subpoena, because the former deputy had been subpoenaed to appear at the court on the trial date for proceedings in a separate case. Because the other case had been settled, however, the former deputy was absent from court. The solicitor-general became aware that he would be requesting a continuance because of the absence of the witness the week prior to trial and orally informed defense counsel.

OCGA § 17-8-25 mandates that to obtain a continuance because of an absent witness, the movant must show that (1) the witness is absent, (2) the witness has been subpoenaed, (3) the witness does not reside more than 100 miles from the place of trial, (4) the witness' testimony is material, (5) the witness is not absent by permission of the movant, (6) the movant expects he will be able to procure the witness' testimony by the next term of the court, and (7) the motion for continuance is not being made for the purpose of delay. The movant must also state the facts expected to be proved by the absent witness.[1]

OCGA § 17-8-33 (a), however, additionally authorizes a court to grant a continuance whenever required by "the absence of a material witness *or the principles of justice.*"[2] OCGA § 17-8-25 thus does not preclude the grant of a continuance merely because all of the requirements set forth therein have not been met. Rather, as recognized in *Hicks v. State*,[3] what OCGA § 17-8-25 precludes is the denial of a continuance if all of the requirements have been met. As held in *Hicks*, "[t]he trial court has discretion in determining whether to grant a continuance for absence of a witness, and that discretion is not abused unless all of the requisites of OCGA § 17-8-25 are shown and the trial court still denied a continuance."[4] In *Carraway v. State*,[5] we thus held that under its general power to serve the principles of justice, the trial court did not abuse its discretion in granting the state's motion for a continuance because of the absence of a material witness even though the witness had not been subpoenaed.

At the hearing on the motion for continuance, Dowd argued that under OCGA § 17-8-25 the trial court was required to deny the state's motion for continuance because the state had never attempted to

---

[1] *Singleton v. State*, 266 Ga. App. 795, 798 (4) (598 SE2d 80) (2004) (footnote omitted).

[2] (Emphasis supplied.)

[3] 221 Ga. App. 735, 736-737 (2) (472 SE2d 474) (1996).

[4] Id. (citations, punctuation and emphasis omitted).

[5] 263 Ga. App. 151, 152-153 (1) (587 SE2d 152) (2003).

serve the subpoena that had been issued for the absent witness.[6] In this case, however, as in *Carraway*,[7] there has been no showing that the court abused its discretion in granting the continuance in the interest of justice under OCGA § 17-8-33 (a).

2. Nor did the court err in denying Dowd's motion to suppress.

On a motion to suppress, conflicts in the testimony of witnesses are to be resolved by the trial court.[8] In reviewing a trial court's ruling on a motion to suppress, the evidence is thus construed most favorably to uphold the findings and judgment of the trial court.[9]

So viewed, the evidence introduced at the hearing on Dowd's motion to suppress showed that Deputy Phillip Downey of the Cherokee County Sheriff's Office stopped Dowd for running a stop sign. After Downey inspected Dowd's license and proof of insurance, he handed the documents back to him and informed him that he was going to issue him a citation for failure to stop at the stop sign. Downey additionally testified, however, that as the traffic stop progressed his suspicions were aroused because Dowd's behavior was somewhat erratic and because, on the floorboard behind the driver's seat of Dowd's car, he observed a bag similar to others he had seen used to transport illegal drugs. Therefore, after Downey had filled out the citation and returned it to Dowd to sign, he asked Dowd for consent to search his car. According to Downey, Dowd readily gave his consent. Once Downey picked up the bag, he could see a green leafy substance that tested positive for marijuana.

In *State v. Gibbons*,[10] we recognized that "[a]n officer who questions and detains a suspect for reasons other than those connected with the original purpose of [a traffic] stop exceeds the scope of permissible investigation unless he has 'reasonable suspicion' of other criminal activity."[11] In *Gibbons*, a Georgia State Trooper stopped the defendant for a traffic violation but then launched into an unrelated investigation without reasonable suspicion of other criminal activity and, while holding the defendant's driver's license, asked for permission to search his car. We held that the trial court did not err by concluding that the detention was unauthorized and that the consent to search was the product of the illegal detention. In *Faulkner*

---

[6] See *Edwards v. State of Ga.*, 69 Ga. 737 (1882) (a party seeking a continuance because of the absence of a subpoenaed witness under predecessor to OCGA § 17-8-25 must show both issuance and attempted service of the subpoena).

[7] Supra.

[8] *Crosby v. State*, 266 Ga. App. 856, 858-859 (598 SE2d 507) (2004).

[9] *State v. Sims*, 248 Ga. App. 277, 278 (546 SE2d 47) (2001).

[10] 248 Ga. App. 859 (547 SE2d 679) (2001).

[11] Id. at 863 (2) (citation omitted).

*v. State*,[12] a motorist who had been stopped for a traffic violation signed the ticket and returned it to the officer. While holding the ticket, the officer began to interrogate the motorist without reasonable suspicion of other criminal activity. We held that the consent which the officer obtained to search the motorist's car was the product of an illegal detention, because "once the tasks related to the investigation of the traffic violation and processing of the traffic citation have been accomplished, an officer cannot continue to detain an individual without articulable suspicion."[13] In *Henderson v. State*,[14] however, the officer who had effected a traffic stop asked the motorist if he had any weapons or drugs and obtained consent to search his vehicle as he was diligently writing the traffic citation. We held that merely asking questions which did not prolong the stop did not violate the motorist's constitutional rights and that the motorist's consent to search was not the product of an illegal detention.

The evidence here authorized the court to find the facts in this case comparable to those in *Henderson*. There is thus no merit in Dowd's argument that his motion to suppress should have been granted because his consent to search was the product of an illegal detention.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED JULY 14, 2006.

*Lawrence A. Silverman*, for appellant.
*David L. Cannon, Jr., Solicitor-General, Barry W. Hixson, Assistant Solicitor-General*, for appellee.

---

[12] 256 Ga. App. 129 (567 SE2d 754) (2002).
[13] Id. at 130.
[14] 250 Ga. App. 278 (551 SE2d 400) (2001) (physical precedent only).