## S07A1586. PARKER v. THE STATE.
(655 SE2d 582)

CARLEY, Justice.

After a jury trial, Keith Parker was found guilty of the malice murder of Rosalind Mechelle Hill, felony murder, aggravated assault, and possession of a firearm during commission of a felony. He also pled guilty to possession of a firearm by a convicted felon. The trial court treated the felony murder verdict as surplusage, merged the aggravated assault count into the malice murder count, entered judgments of conviction on the remaining counts, and sentenced Parker to life imprisonment for malice murder and to five-year terms on the weapons charges. A motion for new trial was denied. Parker appeals pursuant to the trial court's grant of a motion for out-of-time appeal.[*]

---

[*] The crimes occurred on February 3, 2002, and the grand jury returned an indictment on February 26, 2002. The jury found Parker guilty on October 7, 2003 and, on the same day, the trial court entered the judgments of conviction and sentences. The motion for new trial was filed on October 27, 2003, amended on March 2, 2006 and December 1, 2006, and denied on December

1. Construed most strongly in support of the verdicts, the evidence shows that Parker shared a house with Ms. Hill, who was his girlfriend, and with another couple, Mr. Isaac Wade and Ms. Karl Jackson. On the night before the homicide, Parker and Wade were expected to return home by 2:00 a.m., but did not arrive until 9:00 a.m. Parker and the victim had a history of heated arguments and on that day, he entered their bedroom carrying a gun. The other couple heard a gunshot, and Parker ran from the room, stating that he had shot the victim accidentally. He testified that the shooting occurred during a struggle and that it was an accident. The victim, who died at the scene, was found on her back on the bed with her feet flat on the floor and a near contact wound to the middle of her chest. The bullet had exited through her back and was recovered from the box spring. The evidence, including the physical circumstances, was sufficient to enable a rational trier of fact to reject Parker's defense of accident and find him guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Stinson v. State,* 279 Ga. 177, 178 (1) (611 SE2d 52) (2005).

2. The prosecutor moved for a continuance based upon the absence of the medical examiner, who was a material witness for the State. Parker enumerates the grant of this motion as error.

Parker's argument is the same as that rejected in *Carraway v. State,* 263 Ga. App. 151, 152 (1) (587 SE2d 152) (2003), which is that "the [S]tate failed to fulfill all of the requirements of OCGA § 17-8-25; specifically, the [S]tate did not show it had subpoenaed the missing [witness]."

> OCGA § 17-8-33 (a), however, additionally authorizes a court to grant a continuance whenever required by "the absence of a material witness *or the principles of justice.*" [Cit.] OCGA § 17-8-25 thus does not preclude the grant of a continuance merely because all of the requirements set forth therein have not been met. (Emphasis in original.)

*Dowd v. State,* 280 Ga. App. 563, 564 (1) (634 SE2d 509) (2006). Typically, the terms of the continuance statutes are strictly applied "in reviewing the denial, rather than the grant, of a motion for continuance in a criminal prosecution." *Hicks v. State,* 221 Ga. App. 735, 736 (2) (472 SE2d 474) (1996). "[A]s recognized in *Hicks v. State,*

---

4, 2006. The motion for out-of-time appeal was filed and granted on January 9, 2007 and, on the same day, Parker filed a notice of appeal. The case was docketed in this Court on July 5, 2007, and submitted for decision on the briefs.

[supra,] what OCGA § 17-8-25 precludes is the denial of a continuance if all of the requirements have been met." *Dowd v. State*, supra. A " 'trial court does not abuse its discretion as a matter of law in granting a continuance in the absence of a subpoena.' [Cit.]" *Carraway v. State*, supra at 153 (1).

Here, the State had made informal arrangements for the attendance of the medical examiner, whose testimony was material and non-cumulative. In granting the prosecutor's motion for a continuance, the trial court noted that it would do the same for a defendant in similar circumstances. In this case, "as in *Carraway*, [supra,] there has been no showing that the [trial] court abused its discretion in granting the continuance in the interest of justice under OCGA § 17-8-33 (a)." *Dowd v. State*, supra at 565 (1). "We note, however, that the better practice is to subpoena witnesses in accordance with the Code, rather than to rely upon the trial court's general discretionary power to grant a continuance." *Hicks v. State*, supra at 738 (2).

3. Parker urges that the trial court erred in failing to give a remedial instruction regarding a detective's improper testimony as to the ultimate issue in the case. However, this issue has not been preserved for appeal, because Parker neither objected to that testimony nor requested any remedial instruction. *Huntley v. State*, 271 Ga. 227, 230 (5) (518 SE2d 890) (1999).

4. Parker enumerates several errors with respect to the jury charge given in connection with the felony murder and aggravated assault counts of the indictment. " 'However, any issue concerning [either of those] count[s] is moot, since the trial court entered a judgment of conviction and sentence only on the verdict finding [Parker] guilty of malice murder. (Cit.)' [Cits.]" *Roberts v. State*, 276 Ga. 258, 260-261 (5) (577 SE2d 580) (2003). See also *Spencer v. State*, 268 Ga. 85, 87 (4) (485 SE2d 477) (1997).

5. Parker contends that the trial court erred in its charge on the defense of accident. However, defense counsel requested the charge, objected when the trial court slightly deviated from it, and then agreed that the mistake would be remedied by using the exact language of his request. Thus, Parker "specifically requested in writing the charge about which he now complains and, even assuming the charge was incorrect, such invited error is not grounds for reversal. [Cits.]" *Barnes v. State*, 269 Ga. 345, 356 (19) (496 SE2d 674) (1998). This invited error principle also applies to Parker's complaint that the trial court failed to inform the jury that the reason for the recharge was an error in the original charge, as the record shows that defense counsel specifically requested that the trial court not highlight the mistake.

6. With regard to each of the offenses for which Parker was being tried, the trial court charged the jury on the standard of proof

necessary to find him guilty. He contends that the trial court erred in failing to include on each occasion an instruction on acquittal as a possible verdict. However, he does not cite any authority in support of this contention. The trial court did instruct the jury that, "[i]f you do not believe that the defendant is guilty of either or any of these offenses, or if you have any reasonable doubt as to the defendant's guilt, then it would be your duty to acquit the defendant . . . ." When read as a whole, the jury charge adequately instructed the jury on its duty to consider acquittal as to each count separately. See *Callahan v. State*, 249 Ga. App. 108, 110 (2) (547 SE2d 741) (2001); *Livery v. State*, 233 Ga. App. 882, 886 (5) (506 SE2d 165) (1998). Furthermore, Parker has failed to establish that there was any undue emphasis resulting in an unfair statement of the law in relation to his rights or that any repetitions of language in the charge were argumentative or opinionative such as would tend to prejudice the minds of the jurors. See *Perry v. State*, 276 Ga. 836, 838 (2) (585 SE2d 614) (2003).

7. After completing its instruction on malice murder, the trial court gave the following charge: "As to felony murder and my defining the same: A person also commits the crime of felony murder when, in the commission of a felony, that person causes the death of another human being with or without malice. . . ." This instruction is enumerated as error on the ground that it utilized the word "also." Without citing any authority, Parker argues that the jury was effectively informed that a person commits both malice murder and felony murder when, in the commission of a felony, that person causes the death of another human being. However, the questioned instruction is not naturally read in this manner. The trial court did not indicate that it was addressing both types of murder simultaneously, but rather specifically stated that it was defining felony murder. Furthermore, OCGA § 16-5-1 (c) uses the term "also" in defining felony murder: "A person also commits the offense of murder when, in the commission of a felony, he causes the death of another human being irrespective of malice." The Suggested Pattern Jury Instructions, Criminal Cases (3d ed.), Vol. II, p. 56, § 2.03.20, employs the same language, warning that the word "also" and the reference to malice should be omitted when malice murder is not involved. Because malice murder had been separately charged, the trial court's use of the term "also" was proper. Moreover, Parker's requested instruction on the definition of felony murder uses the word "also" in the same way. Read as a whole, the trial court's charge clearly did not commingle malice murder and felony murder together and confuse the jury into believing that the two are the same. See *Casper v. State*, 244 Ga. 689, 695 (4) (261 SE2d 629) (1979), overruled on other grounds, *Hanifa v. State*, 269 Ga. 797, 803 (2) (505 SE2d 731) (1998).

8. Parker asserts that the trial court erred in providing the jurors with a written copy of its instructions for use during deliberations. "We have previously held that allowing the jury to have a written copy of the charge is proper, [cit.] and therefore the trial court was within its discretion to allow it." *Fletcher v. State*, 277 Ga. 795, 797 (4) (596 SE2d 132) (2004). See also *Anderson v. State*, 262 Ga. 26, 27-28 (3) (413 SE2d 732) (1992).

9. Parker also urges that the trial court erred in failing to give a recharge on malice murder when the jury requested further explanation in that connection. After the jury's communication, Parker's attorney stated the following:

> I don't think there is any way to come up with something ... clearer than the charge you created. . . . I think at least a response that that's why we gave you the written charges for you to really try to make sense of it. . . . [J]ust reading it to them again is not going to do any good.

When the trial court proposed to bring the jurors in to tell them that the charge had been read to them, that they had a copy of the charge, and that they were to continue deliberations, defense counsel stated "I agree." After giving that response to the jury, the trial court asked for exceptions from the defense, and Parker's lawyer replied, "We just continue to reserve our exceptions, Judge."

Although Parker clearly continued to reserve his exceptions to the substance of the charge to which the trial court directed the jury, he actively participated in the framing of the trial court's response, approved it and, therefore, acquiesced in that response. *Stanford v. State*, 236 Ga. App. 597, 599 (2) (512 SE2d 708) (1999); *Grier v. State*, 218 Ga. App. 637, 640 (3) (463 SE2d 130) (1995). See also *Berry v. State*, 267 Ga. 605, 612 (11) (481 SE2d 203) (1997) (defendant "agreed with the [trial] court about the need for ... [the] response" given to the jury). Having acquiesced in the trial court's response, Parker cannot now complain on appeal. *Lebbage v. State*, 244 Ga. App. 596, 599 (2) (536 SE2d 282) (2000); *Stanford v. State*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 8, 2008.

*Cynthia W. Harrison*, for appellant.

Paul L. Howard, Jr., District Attorney, Peggy R. Katz, Bettieanne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General, for appellee.