## A08A0719. MORA v. THE STATE.
### (666 SE2d 412)

BERNES, Judge.

Following a jury trial, Anderson Stalin Mora was convicted of trafficking in marijuana. On appeal, Mora argues that the evidence was insufficient to support his conviction. He also contends the trial court erred in denying his motion for discharge and acquittal made after the trial court granted the state's motion for a continuance of trial and in denying his motion for a mistrial made after a law enforcement officer commented on Mora's exercise of his right to remain silent. We find no reversible error and affirm.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence; moreover, this Court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Resolving evidentiary conflicts and in-consistencies, and assessing witness credibility, are the province of the factfinder, not this Court. As long as there is some competent evidence, even though contradicted, to support each necessary element of the state's case, this Court will uphold the jury's verdict.

(Punctuation and footnotes omitted.) *Howard v. State*, 291 Ga. App. 289 (661 SE2d 644) (2008).

So viewed, the evidence showed that Mora was employed as a truck driver and was the owner of a tractor-trailer. In August 2004, Mora was engaged to transport a shipment of goods from Florida to New York. While passing through the state of Georgia, Mora's truck was stopped at a weigh station by a sergeant employed with the Georgia Department of Public Safety. The truck was being driven by Daniel Linares, Mora's co-driver, as Mora slept in the cab. After noticing regulatory deficiencies in the logbooks of both Mora and Linares, the sergeant performed a routine safety inspection of the truck, part of which involved opening the trailer and checking the load securement. The trailer was opened after Linares obtained a key to the padlock securing the doors from Mora. The sergeant immedi-ately observed two open duffle bags containing over twenty-one pounds of marijuana located directly inside of the trailer doors.

Both Mora and Linares were arrested and charged with trafficking in marijuana, in that they "knowingly . . . ha[d] possession of a quantity of marijuana exceeding 10 pounds." OCGA § 16-13-31 (c). Mora moved for a directed verdict at the close of the state's case, which the trial court denied. The jury subsequently convicted Mora and this appeal followed.[1]

1. Mora argues that the trial court erred in refusing to direct a verdict of acquittal due to the lack of evidence that he knowingly possessed the drugs in the trailer. We disagree.

Where the state is unable to provide evidence of actual possession, it may sustain a conviction based upon evidence of constructive possession. *Johnson v. State*, 282 Ga. App. 52, 54 (1) (637 SE2d 775) (2006). Constructive possession requires proof that the accused "knowingly had both the power and the intention at a given time to exercise control over the drugs." Id. In cases involving contraband found in automobiles, the state is generally entitled to an evidentiary presumption that the owner or driver of the automobile is in constructive possession of the contraband. See *Ramirez v. State*, 290 Ga. App. 3, 4 (1) (658 SE2d 790) (2008). That presumption does not apply, however, where there is evidence that persons other than the accused had access to the vehicle prior to the discovery of the drugs. *Farmer v. State*, 152 Ga. App. 792, 796 (1) (264 SE2d 235) (1979). In such a case, it becomes a question for the jury to decide whether the state proved that the facts presented were not only consistent with the hypothesis of guilt, but also excluded every other reasonable hypothesis save that of the guilt of the accused. See OCGA § 24-4-6; *Bodiford v. State*, 246 Ga. App. 879, 880 (1) (542 SE2d 628) (2000).

Here, two open bags containing over twenty-one pounds of marijuana were found in Mora's trailer, having been placed immediately inside the doors without any effort to conceal their presence. Mora possessed the only key to the padlock and had sole access to the trailer.

In his defense, Mora claimed that he did not observe or participate in the loading of the truck, which was done by the employees of the shipping company; he therefore asserted that someone other than himself, presumably the loaders of the truck, placed the drugs into his trailer. He further testified that he never observed the contents of the trailer because the loaders placed a seal[2] on the doors, which prevented him from entering the trailer after it was loaded.

---

[1] Linares was acquitted of the charge.

[2] A seal is a plastic device used in the trucking industry to ensure that the contents of a sealed trailer cannot be unknowingly disturbed. Each seal contains a serial number and must be broken prior to gaining entry into the trailer.

Casting some doubt on Mora's claims, the state presented a signed bill of lading, on which Mora declared that the loaded goods "[were] fully and accurately described . . . by proper shipping name and [were] classified, packed, marked, and labeled/placarded and [were] in all [r]espects in proper condition for transport to applicable international and national governmental regulations." Additionally, the state elicited testimony that seals such as those placed on Mora's truck were readily accessible and could be easily purchased by the general public.[3]

As previously set forth, it is exclusively within the province of the jury to weigh the evidence and make assessments regarding witness credibility. *Howard*, 291 Ga. App. at 289. Moreover, questions as to reasonableness and determinations as to whether the evidence, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of guilt are also for the jury and will not be disturbed unless the jury's verdict is unsupportable as a matter of law. *Harris v. State*, 236 Ga. 242, 245 (1) (223 SE2d 643) (1976). Under the circumstances of this case, the jury was authorized to conclude that it was not reasonable, as Mora suggested, that someone other than himself placed over 21 pounds of marijuana in open view in the back of his trailer, to which he had the only key, without his knowledge. See *Cannon v. State*, 211 Ga. App. 835, 836-837 (440 SE2d 723) (1994); *Hendrix v. State*, 199 Ga. App. 599, 600-601 (1) (405 SE2d 576) (1991). Consequently, we conclude that a rational jury could have found beyond a reasonable doubt that Mora was guilty of trafficking in marijuana as charged in the indictment. See *Cannon*, 211 Ga. App. at 836-837; *Hendrix*, 199 Ga. App. at 600-601 (1); *Jordan v. State*, 161 Ga. App. 613, 614 (1) (288 SE2d 792) (1982).

2. Mora next argues that the trial court erred in denying his motion for discharge and acquittal made after the trial court continued the case at the state's request. The continuance was granted at least four days prior to the date the trial was initially scheduled to commence and after a jury had been selected, but before

---

[3] The state also presented testimony from the owner of the shipping company that, although shippers regularly place seals on loaded trailer doors, as a matter of practice, his employees do not place seals on trucks that, like Mora's, are not filled to their maximum capacity. He further testified that company procedure dictates that when a seal is placed on a truck, the seal number is indicated on the bill of lading. The bill of lading in this case did not reflect a seal number. The company owner was not working on the day in question and did not observe or participate in the loading of Mora's truck; therefore, his testimony lacked probative value and cannot be considered. See *BBB Svc. Co. v. Glass*, 228 Ga. App. 423, 432 (2) (491 SE2d 870) (1997) (testimony from a cleaning company's manager regarding the company's normal procedures could not be considered when the manager did not participate in the cleaning and could not testify that the procedures were actually followed). See also *Flood v. Camp Oil Co.*, 201 Ga. App. 451, 453 (411 SE2d 348) (1991); *Food Giant v. Cooke*, 186 Ga. App. 253, 255 (1) (366 SE2d 781) (1988).

the jury had been sworn. Mora argues that the trial court's grant of a continuance gave the state an unfair advantage because it allowed the state to procure the attendance of a witness that it had not previously subpoenaed. He cites OCGA § 17-8-25 in support of his claim, which provides in pertinent part that "[i]n all applications for continuances upon the ground of the absence of a witness, it shall be shown to the court that the witness is absent; that he has been subpoenaed. . . ."

While we apply the strict terms of OCGA § 17-8-25 in reviewing the denial, as opposed to the grant, of a motion for continuance, the grant of a continuance despite the absence of a subpoena does not automatically constitute error. See *Parker v. State*, 282 Ga. 897, 898-899 (2) (655 SE2d 582) (2008). See also *Hicks v. State*, 221 Ga. App. 735, 736-737 (2) (472 SE2d 474) (1996). "OCGA § 17-8-33 (a) . . . authorizes a court to grant a continuance whenever required by the absence of a material witness *or the principles of justice.*" (Punctuation omitted.) *Parker*, 282 Ga. at 898 (2).

In its petition for a certificate for attendance of out-of-state witness, which was accepted and signed by the trial judge, the state set forth its reasons why the absent witness's testimony was relevant and material to the case. "The grant or denial of a motion for continuance is within the sole discretion of the trial judge, and absent a showing that such discretion was abused, it will not be controlled." (Citation and punctuation omitted.) *Hicks*, 221 Ga. App. at 736 (2). The trial court did not abuse its discretion by allowing a continuance in order to allow the state to procure the attendance of a material witness. *Parker*, 282 Ga. at 898-899 (2); *Shaw v. State*, 239 Ga. 690, 692 (1) (238 SE2d 434) (1977); *Hicks*, 221 Ga. App. at 736-737 (2). The fact that the continuance was granted ex parte does not change this result. See *Campbell v. State*, 181 Ga. App. 790, 791 (354 SE2d 10) (1987). Cf. *Simmerson v. Blanks*, 183 Ga. App. 863, 864 (360 SE2d 422) (1987).

Mora nevertheless asserts that he was unjustly prevented from being tried by the first jury and cites *State v. Thomas*, 275 Ga. 167 (562 SE2d 501) (2002), and *Oregon v. Kennedy*, 456 U. S. 667, 675 (102 SC 2083, 72 LE2d 416) (1982) in support of his claim. These cases involving double jeopardy are inapposite because here the jury had not yet been sworn and therefore jeopardy had not attached. See *Shaw*, 239 Ga. at 692 (1).

3. Finally, Mora argues that the trial court erred in denying his motion for mistrial after a law enforcement officer commented on his exercise of the right to remain silent.

During the cross-examination of the arresting law enforcement officer by Mora's co-defendant, the following colloquy occurred:

Q. Okay. Well — so there was no corroborating information at all that Mr. Linares had ever had anything to do with the packaging or any involvement with that marijuana; is that true?

A. Both parties invoked their right to speak without an attorney.

Mora immediately moved for a mistrial. The trial court denied the motion, but gave the jury the following curative instruction:

Ladies and gentlemen, with regard to [the officer's] last answer, please disregard what he said because a defendant has an absolute right to remain silent, and he cannot be compelled to incriminate himself in any way whatsoever. And the fact that a defendant does remain silent cannot be used against him in court. So please disregard his testimony that the defendants invoked their right to remain silent, and do not let that influence your verdict in any way whatsoever.

Is there any one of you who cannot follow that instruction? If so, please raise your hand.

(No response from the jury panel.)

Although a literal reading of the officer's statement implies that Mora actually declined to invoke his right to an attorney, we will assume, as did the trial court, that the statement was an improper comment on Mora's right to remain silent. It is axiomatic that evidence of a defendant's silence following arrest is improper. *Wright v. State*, 282 Ga. App. 649, 651 (2) (639 SE2d 581) (2006). Nonetheless, "[an] improper reference to a defendant's silence does not automatically require reversal." (Citation, punctuation, and footnote omitted.) *Heard v. State*, 291 Ga. App. 550, 553 (2) (662 SE2d 310) (2008). Rather, to warrant reversal, "the evidence of the defendant's election to remain silent must point directly at the substance of the defendant's defense or otherwise substantially prejudice the defendant in the eyes of the jury." (Punctuation and footnote omitted.) *Wright*, 282 Ga. App. at 651 (2).

We find no such prejudice here. The officer's comment was not elicited by the state and appears to have been inadvertent. The jury was instructed to disregard the officer's statement in its entirety, and no member of the jury indicated that he or she would be unable to follow the court's instructions. The state did not make any additional reference to Mora's silence, nor did it seek to draw any prejudicial

inferences from it. Finally, we note that the officer's statement purported to comment on the silence of both Mora and his co-defendant Linares, who also professed ignorance of the presence of the drugs, and Linares was ultimately acquitted. Under these circumstances, the trial court's refusal to grant a mistrial was not error. See *Heard*, 291 Ga. App. at 553-554 (2); *Wright*, 282 Ga. App. at 651-652 (2).

*Judgment affirmed. Ruffin, P. J., and Andrews, J., concur.*

DECIDED JULY 9, 2008 —
RECONSIDERATION DENIED JULY 23, 2008.

*Robert L. Crowe*, for appellant.

*Tom Durden, District Attorney, Cris E. Schneider, Ronald J. Poirier, Assistant District Attorneys*, for appellee.